Reese, J.
delivered the opinion of the court.
In 1886, complainant and the intestate of the defendant entered into a covenant in which it was stipulated that complainant should, by the 15th September in that year, deliver 17 bales of cotton at Griffin’s gin; which cofton weighed 8856 lbs; and intestate covenanted to pay 15 cents per pound, and advanced at the time the covenant was made $400. Before any cotton was delivered, complainant became apprehensive as to the solvency of the intestate, and the parties thereupon, after the 15th September, entered into a verbal agreement varying the terms of the covenant in this, that the 17 bales of cotton were to be delivered at Randolph to Read & Co. and by them to be shipped on account of complainant and intestate, to New Orleans, and the proceeds to be retained by said house, and so much thereof as 15 cents per pound, to be paid to complainant, and the excess, if any, to intestate. And if the cotton should not bring 15 cents per pound, so much was to be paid by the intestate to the complainant, as added to the actual proceeds, would make the original amount of 15 cents per pound in the covenant stipulated to be paid. The cotton brought less than 15 cents. But Read & Co. to whom the intestate was indebted, paid to him the $400 advanced by him when he entered into the covenant, by giving him credit in their account with him. The intestate brought at law an action of covenant against the complainant for the non-delivery to him at Griffin’s gin of the 17 bales of cotton; in which action the defendant attempted to resist the recovery, upon the parol agreement and state of facts above set forth. But by what form of pleading does not appear to us — no transcript of the record in the suit at law having been produced in evidence in this cause: the attempt was unsuccessful; and the intestate of defendant recovered against complainant a judgment for about the sum of $469. The state of facts above set forth has been satisfactorily proved in this cause; and the complainant is equitably entitled to be relieved against said judgment, unless we are prepared to say that he had, under the circumstances, a plain and available defence at law, *522 free from difficulty and embarrassment. If, according to the jurisdiction and course of a court of common law, it be doubtful whether the grounds of the complainant’s defence were legally available, it becomes the duty of this court to extend to him the benefit of the remedy invoked. The precise case is this: a modification of some of the terms of a covenant containing mutual and independent, stipulations, took place; which verbal agreement to modify took place after the time stipulated in the covenant for the performance of its stipulations; and which agreement left some portions of the original covenant in full force. It has not been shown to us in argument, or by the production of authority, that according to the course of the common law, a plea of accord or other plea, would have been valid, which embraced the facts herein set forth. And without feeling ourselves called upon to hold that no available plea could have been framed and pleaded; we are prepared to hold all that in order to oust jurisdiction it is necessary that we should bold, that the case does not enable us to assert that the defence of the complainant, if any, at law, was free fro m doubt, difficulty and embarrassment. In such case it is our duty to grant the relief prayed for, and we decree accordingly.