## FRED. JONES v. THE STATE.

CRIMINAL LAW. *Continuance.* The prisoner was arrested for larceny and confined in jail a few days before trial. Upon trial he moved for a continuance because of the absence of witnesses who were subpœned the day before, by whom he expected to prove that he bought the property alleged to have been stolen. Motion overruled. Upon motion for new trial witnesses made affidavit that they witnessed the purchase of the property by defendant. *Held,* that the court should have continued the cause. The testimony of those witnesses was material, and he was prejudiced by failure to obtain it.

---

FROM MARSHALL.

---

Appeal in error from the Circuit Court of Marshall county. W. S. McLEMORE, J.

W. N. COWDEN for Jones.

ATTORNEY-GENERAL LEA for The State.

COOKE, Sp. J., delivered the opinion of the court.

The prisoner was indicted in the Circuit Court of Marshall county for the larceny of one young cow and two young steers, of the value of thirty dollars, the property of one Nance. The indictment also contained a count for receiving the same property knowing it to have been stolen, etc. He was tried and convicted of grand larceny and sentenced to the penitentiary for a term of seven years. A new trial having been refused him he has appealed to this court.

The defendant was arrested in Nashville, as shown by the sheriff's return, on the 30th of May, 1882, and was kept in the Davidson county jail until the 8th of June, 1882, when he was delivered to the sheriff of Marshall county, at the jail in Nashville.

His case was called for trial in the Circuit Court of Marshall county on the 19th of June, 1882, and as the record states, " the defendant was brought to the bar of the court in custody of the sheriff, and the defendant having failed to have witnesses summoned, or use any diligence to get ready for trial, he is allowed by the court until to-morrow within which time to get ready for trial."

On the next day, June 20, 1882, the prisoner was again brought to the bar of the court, his case having been called for trial, when he presented his affidavit for a continuance, by which he stated that he could not go safely to trial for the want of the testimony of Thomas Clayton and Alfred Clayton, who were material witnesses for him. That he had a subpœna issued for said witnesses on the 19th of June, 1882, and placed the same in the hands of the sheriff of Marshall county, and the same was served on them, and they are now absent without his procurement or consent. He further states that he had been very recently arrested, and since his arrest has been confined in jail and has been unable to employ counsel, and did not have any counsel until yesterday, and consequently could not prepare his cause for trial in so short a time. That he expected to prove by said witnesses that he bought the cattle from Edgar Smith, that is.

said to have been stolen, and that said witnesses were present when he bought them, and heard the trade made. That he could not prove the same facts by any other witnesses, and that said witnesses live in Marshall county, and he expected to have them present at the next term of the court, and prayed a continuance not for delay but for justice.

His Honor refused to grant a continuance upon this affidavit and the prisoner was put upon his trial, which resulted in his conviction as before stated. He entered a motion for a new trial, and in support of which he offered his own affidavit, in which he stated. that he had Thomas Clayton and Alfred Clayton summoned as witnesses for him in the cause, and that he had made affidavit for a continuance of the cause for want of their testimony which he had attempted to procure, and he here files their affidavit as to what he could have proved by them, if he had been permitted to have had them present at his trial; and that said witnesses got to the place of the trial while the argument of the cause was in progress, but were not examined before the court. That said witnesses lived some distance from the place of the trial, and the cause was heard before they got there, and asks for a new trial in order that justice may be done.

The affidavits of said witnesses were also adduced in support of the motion for a new trial, and which was. sworn to before the clerk of the court on the same day of the trial, June 20, 1882, in which they state that they were acquainted with the defendant, and that on or about the 1st of January or February, 1878 (which was about

the time the cattle were alleged to have been stolen), they were present when the defendant purchased the cattle said to have been stolen from J. W. Nance, and found in the possession of D. C. Orr. The said defendant purchased said stock from Edgar Smith and Harry Hall, and paid them for the same. This transaction was in broad day light, and in their presence; and that they were also present when the said Edgar Smith and Harry Hall delivered said stock to the said Fred. Jones, on Monday morning after the purchase on Saturday, which is the same stock that the said Fred. Jones is now charged with stealing." The court, however, refused to grant a new trial upon these affi-davits.

There is no complaint of the charge of his Honor, nor is it contended that the testimony which was before the jury did not warrant a conviction, and the sole question for us to consider is, was the denial of a continuance under the circumstances, for the causes shown, as well as the refusal of a new trial, such an abuse of discretion and such error on part of the circuit court, as will be revised and corrected by this court?

Continuances are left very much to the sound discretion of the judge of the inferior court, and this court will require a very strong case of abuse of this discretion before it will interfere in such matters: 2 Swan, 482; 1 Head, 549; 4 Cold., 163; 3 Lea, 496. But where a party in accordance with the established rules of practice shows himself entitled to a continu-ance, it becomes a matter of right which if improperly

denied him will be corrected by this court: *Poe* v. *State*, 8 Lea, 653.

In the case of *The State* v. *Morris*, 1 Tenn., 220, it was held that on the first application for a continuance, a defendant was not required to disclose the facts which he could prove by an absent witness, and which has since been repeatedly recognized and approved as a rule by this court in various cases. He is only required to show that the witness is material; that he cannot prove the same facts by any other witness; that he has used diligence to procure his attendance; that he is not absent by his consent or procurement; and that he has reasonable cause to believe that he can have him in attendance or procure his testimony by the next term or day to which the continuance may be granted. In the case of *Nelson* v. *The State*, 2 Swan, 482, the reason of the rule is said to be "that at the first term the accused may not have had sufficient time to ascertain what, and by whom he would be able to prove particular facts, and for that reason he should not be required to show to the court what facts he expected to prove" upon a first application. In the same case the court says: "Public policy, as well as individual interests, requires 'that justice should be administered without delay,' so far as it can be done consistently with the allowance of a reasonable opportunity for the preparation, which is necessary in each particular case, for the attainment of justice. This sentiment applies alike to both civil and criminal cases."

In the case of *Porter* v. *The State*, 3 Lea, 496,

this court held, upon an indictment for an assault with an intent to kill, an affidavit which stated that the defendant expected to prove by an absent witness "*such facts* as will show that another, very probably, did the shooting, was sufficient to entitle the defendant to a continuance, but did not reverse in that case, it being shown in the subsequent trial that the statements of the affidavit were false.

Tested by these rules, was the defendant entitled to a continuance of the case? He was arrested and put in jail in Nashville on the 30th of May and kept there until he was delivered to the sheriff of Marshall county on the 8th of June, only twelve days before the day upon which he was tried, taken to Lewisburg and confined in jail until the day before his trial, then brought out and remanded until next morning because he had made no preparation for his trial. His affidavit presented on the next morning for a continuance, stated that he had been confined in jail from the time of his arrest; that he had been unable to employ counsel until the 19th, the day before his trial; that he had then caused subpœna to be issued for two witnesses, which he not only stated were material for him on his trial, but stated facts which he expected to prove by them, which were, if true, most material; that the subpœna had been served on the witnesses, that they lived in the country and were not absent by his procurement or consent, and that he believed he could have their testimony at the next term. It would be difficult to conceive what more one placed in the prisoner's situation could

have done towards preparing for his trial, than was done in this case, and was more, as we have seen, than the rule of practice required of him, as he disclosed the material facts which he could prove by the absent testimony.

In *Rigsby* v. *The State,* 6 Lea, 554, it was said that this court will not disturb the exercise of the discretion of the circuit judge in refusing a continuance unless something is developed in the after trial to show that the defendant might have been prejudiced in some way, by the refusal to grant a continuance.

Upon the trial of the defendant it was shown that the cattle were stolen from a field or pasture; no one saw them taken, but the fence had been let down and the tracks were seen where they had been driven out. They were sold by the defendant to another party some ten miles from the place where they had been stolen. Hence, it can be readily seen that the testimony of the defendant's witnesses was very material and he was prejudiced by failing to obtain it.

Nor was the strong showing which the defendant had made for a continuance disproved in the progress of the trial, but on the same day the trial was had, and during its progress, and before the argument of the case was concluded, these witnesses did appear and made affidavits that the facts which the defendant had stat d he could prove by them in his affidavit for a continuance, were true.

It is not for us to say what effect these facts, had they been testified to by these witnesses, when con-

Jones *v.* The State.

sidered in connection with the other testimony, would have had, or what credit should have been given to these witnesses. It is sufficient that they were material, and the defendant was entitled to have the benefit of their testimony on his trial if he had not forfeited that right by his own neglect, which we do not think he had done. While it is with very great reluctance we feel constrained to revise the action of the circuit judge in the exercise of a judicial discretion, yet from the whole case we can have no dobt but that a "reasonable opportunity for that preparation which was necessary for the attainment of justice," was not allowed the defendant in this case.

The judgment must, therefore, be reversed, and the case remanded for another trial.