Crockett v. State.

## ED CROCKETT *v.* STATE.

## (*Knoxville.*    September Term, 1911.)

1. **INDICTMENT.   For assault with intent to commit murder in the first degree will support verdict of guilty of an attempt to commit voluntary manslaughter.**

   An indictment for assault with intent to commit murder in the first degree will support a verdict of guilty of an attempt to commit voluntary manslaughter, under the statute (section 7195 of Shannon's Code), providing that, upon an indictment for any offense consisting of different degrees, the jury may find the defendant guilty of any degree inferior to the degree charged, or of an attempt to commit the offense. (*Post, pp.* 132, 133.)

   Code cited and construed:   Sec. 7195 (S.); sec. 6061 (M. & V.); sec. 5222 (T. & S. and 1858).

   Cases cited and approved:   Smith v. State, 2 Lea, 614; Lawless v. State, 4 Lea, 177; State v. Ragsdale, 10 Lea, 672; Stevens v. State, 91 Tenn., 726.

2. **BILLS OF EXCEPTIONS.   Matters not appearing in bill of exceptions, though appearing on a separate paper, cannot be considered.**

   Matters not appearing in the bill of exceptions, though appearing upon a separate paper accompanying the record, cannot be considered upon appeal. (*Post, p.* 133.)

---

FROM McMINN.

---

Appeal from the Circuit Court of McMinn County.— SAM C. BROWN, Judge.

SAM EPPS YOUNG, L. H. LASITER, and TRAYNOR & SMITH, for Crockett.

ASSISTANT ATTORNEY-GENERAL FAW, for State.

MR. JUSTICE NEIL delivered the opinion of the Court.

The plaintiff in error was indicted for an assault with intent to commit murder in the first degree upon the body of one James Maxwell. The jury rendered a verdict of "guilty of an attempt to commit voluntary manslaughter," and fixed his punishment at two years in the State penitentiary. From this judgment he has appealed to this court and assigned errors.

The first error assigned is upon the refusal of the trial judge to set aside the verdict because the jury found the defendant guilty of a crime not included in the indictment. This assignment must be overruled.

It has been held that an indictment for an assault with intent to commit murder in the first degree will support a verdict of guilty of an assault with intent to commit murder in the second degree, under Shannon's Code, section 7195 (Code of 1858, section 5222). This section reads as follows:

"Upon an indictment for any offense consisting of different degrees, the jury may find the defendant not guilty of the degree charged in the indictment, and guilty of any degree inferior thereto, or of an attempt to commit the offenses; and the defendant may also be found guilty of any offense, the commission of which is neces-

sarily included in that with which he is charged, whether it be a felony or misdemeanor."

This construction was given the section referred to in *Smith* v. *State,* 2 Lea, 614; *Lawless* v. *State,* 4 Lea, 177; *State* v. *Ragsdale,* 10 Lea, 672, and in *Stevens* v. *State,* 91 Tenn., 726, 20 S. W., 423, it was held that it would apply to a case of voluntary manslaughter. In the latter case this was said *arguendo;* in order, however, to distinguish it from the supposed crime of an assault with intent to commit involuntary manslaughter. It was said that there was no such offense as the latter, but that under the section referred to one might be convicted of an assault with intent to commit voluntary man-. slaughter under a charge of an assault with intent to commit murder in the first degree. The verdict in that case was guilty of an "attempt to commit" involuntary manslaughter. No point was made upon this feature; that is, upon the finding of an "attempt to commit," instead of an "assault with intent to commit." However, this kind of verdict is expressly authorized by the section of the Code above quoted. Therefore the verdict of the jury in the present case was a proper response to the indictment.

It is assigned as error that the names of the jurors were not drawn in the manner required by law; also that a stranger was in the jury room while the jury were deliberating upon their verdict. These matters appear upon a separate paper accompanying the record, but do not appear in the bill of exceptions, and cannot be considered.

Finally, it is said that the verdict is not sustained by the evidence. After careful consideration of all the evidence in the record, we are fully satisfied with the verdict.

It results that the judgment of the trial court must be affirmed.