GRANVILLE EDMONDSON *et al. v.* THE STATE.*

(*Nashville.*    December Term, 1924.)

RECEIVING STOLEN GOODS. Evidence held to show constructive possession of automobile body and sustain conviction.

Evidence that defendants executed a bill of sale for automobile body
to prospective purchaser, and took him to place where it was concealed, and stated falsely source of their possession, *held* to show
constructive possession in defendants, and to sustain a conviction
for unlawfully receiving body, under Shannon's Code, section 6549.

Code cited and construed: sec. 6549 (S.).

*Headnote. Receiving Stolen Goods, 34 Cyc., p. 528.

FROM DAVIDSON.

Error to the Criminal Court of Davidson County.—
HON. J. D. B. DE BOW, Judge.

W. C. CHERRY, for plaintiffs in error.

W. H. SWIGGART, Assistant Attorney-General, for the
State.

MR. JUSTICE HALL delivered the opinion of the Court.

The plaintiffs in error, Granville Edmondson and
Houston Burse, who will hereinafter be referred to as

defendants, were indicted in the criminal court of David-son county. The indictment contained three counts.

The first count charged defendants with unlawfully stealing and carrying away one Ford sedan automobile body, of the value of $375, the property of C. C. Fry.

The second count charged said defendants with un-lawfully stealing and carrying away one Ford sedan au-tomobile, of the value of $800, the property of C. C. Fry. The third count charged that said defendants did re-ceive, buy, conceal, and aid in concealing one Ford sedan automobile body, of the value of $375, the property of C. C. Fry.

Defendants were put upon their trial in July, 1923, and the jury found them guilty under the last count of the indictment, and fixed their maximum punishment at confinement for three years and one day in the peniten-tiary.

Their motion for a new trial having been overruled, and judgment entered in accordance with the verdict of the jury, they appealed to this court, and have assigned for error that the evidence preponderates against the verdict and in favor of their innocence.

The evidence shows that the Ford sedan automobile of C. C. Fry, including the body described in the indict-ment, was stolen from a street in Nashville, Tenn., on April 26, 1923.

Four or five days later officers located the body of said automobile at a point near a lane which leads from the Franklin pike to the Nolensville pike, in Davidson county, and near the city of Nashville, concealed in some bushes. The chassis was subsequently located by the officers near

the Radnor Yards, about two and one-half miles from the place where the body was located.

Mr. Payne, who is engaged in the wreckage business, and deals in secondhand automobile parts and accessories, testified that on Monday, April 30th, the two defendants came to his place of business and stated that they had an automobile body for sale. Mr. Payne says be became suspicious at once, as he had already had some inquiries from the detectives concerning an automobile body. Mr. Payne says that defendants described the body as being a "Ford sedan top," and that the defendant Edmondson did most of the talking. Payne says that he carried defendants out in one of his cars to the place where defendants said the body was, which was near a lane that leads from the Franklin pike to the Nolensville pike; that the automobile body was concealed in some bushes. Payne says that it was a new Ford sedan automobile body; that he agreed to pay defendants $50 for it, and gave one of them $1 to bind the trade; that he drew up a bill of sale, had defendants sign it, and told them to come back the next morning and help him load the body; that, in the meantime, he notified the police department of what had transpired between him and defendants, and that, when defendants showed up at the place where the automobile body was concealed on the following morning, they were arrested by two policemen, Mr. McCarver and Mr. Giles.

Mr. Linx, who is presumably a partner or an employee of Mr. Payne, testified that he also talked to defendants concerning the automobile body; that Edmondson did most of the talking, and stated to Linx that he had re-

ceived the car from his uncle in St. Louis; that he was going to put a truck body on the chassis; and that was the reason why he wanted to sell the sedan body.

The two policemen, McCarver and Giles, testified that they received information of the theft of Fry's sedan automobile and investigated the same; that they received information from Mr. Payne and Mr. Linx which led them to go out to the place where the body was on the morning of May 1st, when and where they arrested defendants. Both McCarver and Giles testified that one or both of defendants first stated to them that the body came from a car which belonged to the uncle of one of them, but later both claimed that they had found same.

R. L. Brock, who testified on behalf of defendants, stated that he was foreman on the farm of Mr. James E. Caldwell, which lies between the Franklin pike and the Nolensville pike; that on the morning of April 30th he quit work for the noon meal, and in returning to his home he had to pass a little schoolhouse, which is situated on the lane that leads from the Franklin pike to the Nolensville pike; that just south of the schoolhouse, in some growing bushes, he discovered a new Ford sedan automobile body; that he went on to his home and got lunch; that about 1:30 p. m. two colored boys, William Wade and John Rucker, who were also working on the Caldwell farm, came by witness' house to get him and carry him to the place where they were engaged at work, and that the two defendants got in the wagon with them. The witness says that while they were on their way back to work he informed defendants and Wade and Rucker of having found the automobile body on or near the lane

leading from the Franklin pike to the Nolensville pike only an hour or two before, and told them where the body was. Brock says the two defendants got out of the wagon and went in the direction of Flat Rock, which was east from the place where defendants disembarked from the wagon; the automobile body being almost due west, and about one mile away.

Defendants testified in their own behalf, and the only controversy of fact appearing in the record is their denial that they made the statement to either Mr. Linx or to the two policemen that the automobile body had been taken from a car which was purchased or received from an uncle of one of the defendants. They do say that they did not steal Fry's automobile, and did not know of the whereabouts of the body until informed by Brock, after which Edmondson says he and Burse went to see the body. Burse denies they went to see the body. The defendants do not deny that they made an effort to sell the body to Mr. Payne, nor do they deny that they took Mr. Payne to the lane where the body was concealed and showed it to him with a view of selling it to him.

Defendants' assignments of error are based on the contention that they never had actual and physical possession of the automobile body, and therefore were not guilty of unlawfully receiving it.

The statute reads as follows:

"Every person who shall fraudulently receive or buy, conceal, or aid in concealing, any goods over the value of thirty dollars, feloniously taken or stolen from another, or goods obtained by robbery or burglary, knowing the same to have been so obtained, with intent to deprive the

true owner thereof, shall be imprisoned in the penitentiary not less than three nor more than ten years." Shannon's Annotated Code, section 6549.

In the case of *Alexander, Toliver & Messenger* v. *State,* from Shelby county criminal docket, determined by this court at its December term, 1923, at Nashville, the defendants appealed from a conviction for unlawfully receiving stolen property, and made substantially the same contention as is made in the instant case. The facts in that case were that a building in Memphis had been burglarized and an iron safe removed from the premises to an alley in the rear of the building. Notice of the burglary having been given to the police department, certain policemen visited the place where the burglary was committed, and were present when the three defendants drove up in an automobile truck, stopped within a few feet of the safe, and gathered about the safe, when they were arrested by the policemen. It was contended that there was no evidence that the plaintiffs in error had acquired actual and physical possession of the safe, and therefore were not guilty of unlawfully having received it. The contention was overruled and the conviction was affirmed.

Mr. Wharton, in his work on Criminal Law (11th Ed.), vol. 2, pp. 1453, 1454, states the essential elements of the offense of receiving stolen goods as follows:

"Reception must be substantially proved. Manual possession or touch is unnecessary in order to sustain conviction; it is sufficient if there is a control by the receiver over the goods. A person is said to receive goods improperly obtained as soon as he obtains control over

them from the person from whom he receives them; and the mere aiding in the secreting or disposal of the goods constitutes the offense.''

In Cyc., vol. 34, p. 517, it is said: ''To be convicted of receiving stolen goods defendant must have had such control of the property as amounts to constructive possession, at least; but the possession need not be actual and corporal. It may be through the instrumentality of another person, and the offender need not have seen the goods. The receiving too must have been consummated. It is not sufficient if there was an unexecuted agreement to receive or a mere attempt. The same is true of concealing.''

The evidence in the case under consideration shows that defendants executed a bill of sale for the automobile body to Mr. Payne, and carried him to the place where it was concealed in the bushes; and the weight of the evidence is that they made a false statement as to the source of their possession, which was evidently to prevent the officers and the purchaser from ascertaining that it had been stolen.

We think the evidence clearly makes out a case of constructive possession in defendants, and that all essential elements of the offense are established by the proof.

The judgment of the lower court will therefore be affirmed.