## D. I. MARTIN *v.* THE STATE.[*]

### (*Jackson.*   April Term, 1928.)

Opinion filed July 16, 1928.

1. **CRIMINAL LAW.   DRIVING AUTOMOBILE WHILE UNDER INFLUENCE OF INTOXICANT.   CONFLICTING EVIDENCE. NEGATIVE EVIDENCE.   PREPONDERANCE.   CONDUCT OF DEFENDANT.   PROVINCE OF JURY.**

In every case of conflicting testimony determination of the issue is peculiarly in the province of the jury, and a verdict should not be reversed when based upon the testimony of two boys about twelve years old, and the great weight of the adverse testimony is negative, especially so in a trial where defendant is charged with unlawfully driving an automobile while under the influence of an intoxicant, where it is competent for the jury to take into consideration the reckless and unreasonable conduct of defendant on the occasion bearing on his mental condition. (Post, p. 385.)

2. **TRIALS.   EVIDENCE.   REBUTTAL.   MANNER OF INTRODUCTION.   DISCRETION OF TRIAL JUDGE.**

The time and manner of the introduction of witnesses is within the sound discretion of the trial court and it is the particular province of that court to determine whether or not it will permit the introduction of testimony in rebuttal which more properly should have been introduced in chief.   (Post, p. 386.)

Citing: Moore v. State, 96 Tenn., 209; Knights of Honor v. Dickson, 102 Tenn., 255; Graham v. McReynolds, 90 Tenn., 673; Cash v. State, 10 Humph., 112.

3. **TRIALS.   INTRODUCTION OF EVIDENCE.   OUT OF ORDER NOT REVERSIBLE ERROR.**

Where it appears that testimony was introduced out of the regular order at the instance of the accused, it is not reversible error to permit witnesses to testify as to matters in chief unless it affirmatively appears that such action is prejudicial to the rights of the accused.   (Post, p. 387.)

Citing: Acts 1911, ch. 32.

4. **TRIALS. CRIMINAL LAW. DEFENDANT TO TESTIFY FIRST. RIGHT MAY BE WAIVED BY DEFENDANT.**

Where it appears that the defendant, on trial did not take the witness stand until after he had introduced the witnesses, then with the consent of the attorney for the State he took the witness stand, after a brief recess during which defendant left the witness stand, the attorney for the State insisted, the defendant over the exception of his attorney again took the witness stand and was again examined by his attorney and is cross-examined by the attorney for the State, it is not reversible error under our statute which provides that it is reversible error for the trial judge to require or permit the defendant in a criminal case to testify other than as the first witness, since the alleged error was invited by the defendant and there is nothing in the statute which denies the power of the defendant to waive by consent of record this requirement, no constitutional requirement is evaded, and it does not **affirmatively appear** that the error complained of effected the results of the trial. (Post, p. 387.)

Citing: Shannon's Code, secs. 5600, 5601; Peck v. State, 86 Tenn., 259; Morgan v. Pickard, 86 Tenn., 208; Clemons v. State, 92 Tenn., 282.

---

*Headnotes 1. Criminal Law, 16 C. J., section 2292; 2. Motor Vehicles, 42 C. J., section 1309; 3. Criminal Law, 17 C. J., sections 3583, 3594; 4. Criminal Law, 17 C. J., section 3734.

---

### FROM HAYWOOD.

---

Appeal from the Circuit Court of Haywood County.— HON. W. W. BOND, Judge.

H. L. CLARK and KINNEY & WILLS, for plaintiff in error.

W. F. BARRY, JR., Assistant Attorney-General, and NAT TIPTON, Assistant Attorney-General, for defendant in error.

MR. JUSTICE CHAMBLISS, delivered the opinion of the Court.

This conviction was for unlawfully driving an automobile upon a public highway while under the influence of an intoxicant. Errors are assigned challenging first the preponderance of the evidence. The sole question under these assignments is whether or not defendant was at the time under the influence of an intoxicant.

(1) While the evidence is somewhat in conflict, we find no such clear preponderance against the verdict of the jury, approved by the trial Judge, as calls for a reversal by this Court. In every case of conflicting testimony determination of the issue is peculiarly the province of the jury, who see and hear the witnesses, note their appearance and demeanor on the stand and have superior opportunity to judge of their credibility and of the weight to be given their testimony. This rule is aptly illustrated in the instant case. The testimony of two boys of about twelve years of age, witnesses for the State, is challenged because of their alleged inexperience. It is well known that boys of this age vary greatly in intelligence and precociousness, and the members of the jury and the trial Judge were in the best possible position to determine the weight to be given their testimony. A large number of witnesses were introduced, the greater number for the defense, but a careful review of all the testimony indicates that much of that introduced for the defense was of a negative character merely, and by witnesses who saw the accused at a later hour of the day and under circumstances which did not serve to attract particularly their attention to his condition. There is abundant positive and direct

testimony that he was decidedly under the influence of an intoxicant at the time.

Moreover, there appears to be little doubt that prior to the collision with another car, for which he appears to have been responsible, he had partaken of some quantity of intoxicating liquor. It was altogether competent for the jury to take into consideration the reckless and unreasonable conduct of the accused on this occasion as bearing upon his mental condition. It appears that he was driving a large and high powered car along the main highway and was traveling at a reckless rate of speed, and that as he approached and met the small car driven by one Frank Council, having with him a young lady cousin, the accused was driving, and continued to drive, so far over on the wrong side of the broad highway that he struck the smaller car with great force, damaging it badly and injuring seriously the young lady. It further appears that thereupon, instead of showing that regret and consideration which a reasonable man in a normal state of mind would be expected to show, he became violent and abusive and gave utterance to language that was foul and slanderous, charging against the young couple immoral conduct without the slightest apparent excuse or provocation. We think it only fair to the accused, as well as reasonable, to conclude that this conduct and language on his part is attributable to the influence of an intoxicant rather than to a naturally depraved disposition. Without a detailed discussion of the testimony given by the several witnesses, we find no preponderance against the verdict and these assignments must be overruled.

(2) It is next assigned as error that Sheriff Davis was permitted to give in rebuttal testimony which was

properly evidence in chief. This witness appears from the bill of exceptions to have been called twice, but however this may be, and conceding that he did give, when called in rebuttal, evidence in chief, it must be borne in mind that the time and manner of the introduction of witnesses is within the sound discretion of the trial court and it is the particular province of that court to determine whether or not it will permit the introduction of testimony in rebuttal which more properly should have been introduced in chief. *Moore* v. *State,* 96 Tenn., 209; *Knights of Honor* v. *Dickson,* 102 Tenn., 255; *Graham* v. *McReynolds,* 90 Tenn., 673; *Cash* v. *State,* 10 Humph., 112.

*(3)* Moreover, we are unable to discover that the order of the introduction of this testimony tended to prejudice the accused. It appears that the case was proceeded with more or less informally, the regular order having quite apparently been abandoned to more or less extent largely at the instance of counsel for the accused, and in this connection, it is perhaps well again to note, as this Court has taken occasion to do repeatedly heretofore, "that no verdict or judgment shall be set aside or new trial granted by any of the Appellate Courts of this State, in any civil or criminal case . . . on account of the improper admission or rejection of evidence . . . or for *any error* in any procedure in the cause, unless, in the opinion of the Appellate Court, to which application is made, after an examination of the entire record in the cause, it shall *affirmatively appear* that the error complained of has effected the results of the trial." Chap. 32, Acts 1911.

*(4)* Having in mind the broad and explicit terms of this statute, we come now to examine the question made

by assignments four and five. The record presents an
anomalous situation. The defendant was not called to
testify as the first witness for the defense, in accordance
with our statutory provision. After introduction for the
defense of a number of witnesses, his counsel suggested
placing the defendant on the stand and after an inter-
change of some words between counsel, the attorney for
the State gave his consent that the defendant might thus
be called out of order. However, for some reason that
the record does not disclose, and despite the fact that
this consent had been given, counsel for the defendant
did not then put him upon the stand, but proceeded to in-
troduce other witnesses and closed his case. Thereupon
the State introduced several witnesses in rebuttal, and
following the giving of this testimony the attorney for
the defendant again stated that he would like to offer
his client, to which the attorney for the State again gave
his consent, and the defendant took the witness stand.
A brief recess was thereupon had during which time the
defendant left the witness stand and resumed his seat
by the side of his counsel. The trial was resumed and,
the attorney for the State insisting that the defendant
had by taking the witness stand subjected himself to
cross-examination, the court so ruled. Thereupon the
defendant, reserving his exception, took the stand and
was examined by his attorney and testified as to his
movements and conduct and condition, stating that he
had had nothing to drink the night before except about
two-thirds of a bottle of non-intoxicating beer. Counsel
for the accused strenuously insists that it was reversible
error for the trial judge to require, or to permit, this
defendant in a criminal case to testify other than as the
first witness for the defense, relying upon the language

of our statute brought into Shannon's Code as Sections 5600, 5601, and construed by this Court in *Peck* v. *State,* 86 Tenn., 259; *Morgan* v. *Pickard,* 86 Tenn., 208; *Clemons* v. *State,* 92 Tenn., 282. In the first place, we think it quite apparent that whatever error was committed by the trial Judge in this matter of procedure, was invited by the course of conduct pursued by the attorneys for the defendant, and it is a well-established rule that this Court will not reverse for an invited error. In the second place, neither the statute in terms, nor any holding of this Court in construction thereof, goes so far as to deny the power of the parties litigant to waive by consent of record this requirement relating to the order of the giving of testimony. No constitutional requirement is invaded, and the waiver and consent on the part of the State was a concession to and in the interest of the defendant, of which he is not in position to complain. And, finally, if it be conceded that error was committed by the trial Judge in this matter of procedure, we are unable to see wherein the testimony given by the defendant in his own behalf in any wise served to prejudice his case. Certainly it does not *"affirmatively appear* that the error complained of has effected the results of the trial."  These assignments are overruled.

The final complaint relates to certain language used by the Attorney-General. We have examined this excerpt complained of, but, omitting detailed discussion, we have been unable to discover any prejudicial error. The circumstances of this case justified vigorous language. Few offenses should be more vigorously denounced. One who drives a high powered car, susceptible of tremendously dangerous misuse, should be careful to keep himself in as perfect physical and mental

condition as possible, and he who deliberately indulges in intoxicants and thus weakens his powers of control and then turns himself loose to work death and irreparable injury, deserves scant consideration of defenses not going to the merits at the hands of the courts.

The judgment is affirmed.