MORELOCK *v.* STATE.

(*Knoxville*, September Term, 1948.)

Opinion filed December 11, 1948.

LYLE BURROW, of Bristol, for plaintiff in error.

J. MALCOLM SHULL, Assistant Attorney General, for the State.

MR. JUSTICE GAILOR delivered the opinion of the Court.

Defendant appeals from conviction of receiving stolen property and sentence to imprisonment in the penitentiary for three years.

The defendant did not testify and offered no evidence in defense.

The single question presented on the appeal is whether evidence introduced by the State is sufficient to support the conviction. On the night of February 20, 1948, a Buick automobile ran off Highway 81 and was wrecked when it struck a light pole. The defendant and another unidentified man were in the car when pedestrians arrived at the wreck. From the fact that both passengers had been thrown from their seats when the car struck the pole, it was not determined who had been driving, and it was proved that defendant was not the owner of the car.

Five electric pumps were found in the wrecked automobile, two of them on the back seat and three in the trunk. These pumps had been stolen a short time before the wreck from the warehouse of a corporation in Kingsport. Each pump weighed more than 100 pounds, and from the fact that the pumps had been removed from the warehouse through a window five feet above ground level, and that the cartons in which the pumps were packed were undamaged, it was reasonably deduced and argued that one man alone could not have committed the robbery, and

that more than one was involved in the criminal enterprise.

Admitting the effect of proof that the accused is in possession of goods recently stolen (*Wilcox* v. *State*, 50 Tenn. 110; *Poe* v. *State*, 78 Tenn. 673, 679), the question here is whether the State proved that the defendant was ever in actual or constructive possession of the pumps. He was drunk at the time of his arrest and there is no direct evidence that he knew that the pumps were in the car, or that he ever knew that the pumps existed. That the proven fact that two of the pumps in sealed cartons were on the back seat, does not charge him with knowledge that the cartons contained pumps, is sufficiently shown by testimony of one of the officers, who said that he opened one of the cartons because he thought it contained whisky.

Officer Duncan testified that just before he arrested defendant, the latter said to those standing by the wreck, "Now remember you don't know a damn thing." To hold that this remark had any connection with the stolen pumps is mere reckless imagination.

■ "The general rule that the possession of stolen property is evidence of guilt is limited by the rule that to warrant an inference of guilt it must further appear that the possession was personal, and that it involved a distinct and conscious assertion of possession by the accused." 17 R. C. L., Larceny, sec. 77, p. 73; *People* v. *Hurley*, 60 Cal. 74, 44 Am. Rep. 55; *State* v. *Drew*, 179 Mo. 315, 78 S. W. 594, 101 Am. St. Rep. 474; *Lehman* v. *State*, 18 Tex. App. 174, 51 Am. Rep. 298; Note 35 Am. St. Rep. 715.

■ The statute (Code 10928), under which defendant was indicted, prohibits "*receiving* stolen goods." An

actual or constructive possession or control is an essential element of reception and must be proved. Wharton Criminal Law, 11th Ed., sec. 1238, p. 1553 (Vol. II).

██ The possession of stolen property to warrant an inference of guilt must be personal, exclusive and unexplained. *State* v. *Jennings*, 79 Iowa 513, 44 N. W. 799; *State* v. *Warford*, 106 Mo. 55, 16 S. W. 886, 27 Am. St. Rep. 322; *Matlock* v. *State*, 25 Tex. App. 654, 8 S. W. 818, 8 Am. St. Rep. 451; *Jackson* v. *State*, 28 Tex. App. 143, 12 S. W. 701; Id., 28 Tex. App. 370, 13 S. W. 451, 19 Am. St. Rep. 839.

Apparently, the only recent Tennessee case, where the sufficiency of possession is considered, is *Edmondson* v. *State*, 151 Tenn. 214, 268 S. W. 881. There, the subject matter was an automobile body which had been concealed in a wooded part of Davidson County. Conviction for receiving stolen goods was upheld because it was proved that the defendants had known where the automobile body was concealed and had controlled and constructively possessed it by executing a bill of sale for it to a prospective purchaser.

In the old case of *Bedford* v. *State*, 24 Tenn. 522, a conviction was reversed where circumstantial evidence of control and constructive possession were much stronger than the evidence of defendant's possession in the record before us here.

██ We find that evidence of defendant's possession or control of the stolen merchandise is entirely lacking, and the failure to prove actual or constructive possession of the stolen pumps, and so their reception by the defendant, necessitates a reversal of the judgment and the remand of the case for a new trial.

All concur.