Phill Oliver, Plaintiff in Error,

*v.*

State, Defendant in Error.

(*Knoxville*, September Term (May Session), 1960.)

Opinion filed May 26, 1961.

Rehearing Denied July 31, 1961.

J. Malcolm Shull, Elizabethton, for plaintiff in error.

Walker T. Tipton, Assistant Attorney General, for the State.

Mr. Justice Swepston, delivered the opinion of the Court.

Phill Oliver, plaintiff in error, hereinafter called defendant, was indicted for burglary and receiving and concealing stolen property, was tried jointly with others involved in the same incident and was found guilty of receiving and concealing stolen property; his punishment was fixed at 11 months and 29 days in the County Workhouse. He has appealed and assigned three errors: (1) the refusal of the trial judge to sustain a motion for a directed verdict; (2) no evidence to support the verdict and the evidence preponderates against the verdict; and (3) the trial judge erred in refusing to grant defendant's special instruction which read: ''You will not consider against the defendant, Phill Oliver, any evidence introduced after he rested his case''.

There isn't any doubt about the guilt of these several defendants, the only question being with reference to Phill Oliver whether or not the third assignment of error should

be sustained. Briefly what happened is that one Dock Estepp was riding around on the night of October 1, 1960, and picked up a friend of his named Larry Arnett. In the course of their peregrination they drove to Johnson City but like Odysseus, they returned eventually to their home-town Elizabethton. They stopped at a service station in order that Estepp might go to the lavatory and as he step-ped out of his car the defendant Phill Oliver and three other young men stepped out of the weeds from the side of the road.

After dickering with Estepp, he agreed to take them over to another point to pick up some items for which he was to receive $2 and some beer for his services. When they reached the desired point, these young men who had employed Estepp for this side trip left the car and in a short time returned with various articles, a radio, some automobile tires, cigarettes, etc., some of which including the automobile tires was put in the unlocked trunk of Estepp's car. From there they went to the home of one of the other boys, Kenneth Crowe, where the tires were left.

At about this time Deputy Sheriff Nave, who had been talking to a lady whose son was missing, decided to stop this car which he had seen pass with these boys in it, to see if the missing boy was in there. When the car was pulled up into the driveway and stopped, he walked up to the side of the car and one of the men, Junior Crowe, in reply to the Deputy's inquiry about where all of this stuff had come from, stated that they had stolen it. He then arrested the boys and took them to jail. It then developed that the property had been stolen from Mr. Carl Hartley, who later came to the jail and identified the property.

In the trial of the case the State put on the Deputy, Mr. Nave, and Logan Crowe, another Deputy who was with him at the time of the arrest, and Mr. Hartley whose stuff had been stolen. As heretofore stated, although the indictments were separate, they were tried jointly. Officer Nave testified to the facts as above outlined and with particular reference to Phill Oliver he was asked and answered as follows:

"Q. Where was the defendant Phill Oliver? A. I believe he was in, the best I remember, I believe he was in the back seat."

Then again, he was asked and answered:

"Q. Did the defendant Dock Estepp make any statement to you as to why this stuff was in his automobile? A. No sir, he didn't.

"Q. What about the defendant Phill Oliver? A. He didn't either. The only one that told me anything was Junior Crowe and he told me that they stole it.

"Q. And that was in the presence of the defendants? A. That is right in the presence of all of them."

Then the transcript shows what seems to be a typographical error because right following the above the Deputy said he said he stole it. It appears that the court reporter wrote "he" instead of "they".

Then he was asked and answered:

"Q. As a matter of fact, I believe you stated, Mr. Nave, that Phill Oliver made no statement to you whatever? A. I don't think that he made any statement at all.

"Q. As a matter of fact, Mr. Nave, Phill was pretty well intoxicated? A. Yeah, he was.

"Mr. Shull: That's all."

The testimony of the other officer was to the same effect and, of course, Mr. Hartley testified as to the theft of the materials belonging to him and the identification of them.

■ At this point the attorney for defendant Oliver made a motion for a directed verdict which the court overruled and we think properly so for two reasons: (1) directed verdicts are not authorized in Tennessee by statute or recognized at common law. See Gilreath's-Carruthers' History of a Lawsuit, Sec. 363, and (2) the State by the above evidence in our opinion made a prima facie case to go to the jury. The general rule is that if an accusatory statement is made in the presence and hearing of the defendant and he remain silent, though having opportunity to speak, then the fact of the making of the statement and the silence of the accused are admissible in evidence. See the authorities listed in *Lovvorn v. State*, 192 Tenn. 336, 340, 241 S.W.2d 419; especially *Camper v. State*, 187 Tenn. 511, 515, 216 S.W.2d 18, wherein former Chief Justice Neil pointed out that this is not a presumption as a matter of law but is a circumstance from which guilt may be inferred, i.e., a justifiable inference if the jury chooses to so treat it.

Counsel for Oliver then having reserved his exception announced that the defendant rests. The State made no statement but it necessarily must be concluded that the State rested also, because the State put on no more proof at that point and the defendants, except Oliver, began testifying in their own behalf and offering evidence to that end. Thereafter the State offered evidence in rebuttal.

Counsel for Oliver then offered the special request appearing in assignment 3, supra, which was refused by the court.

■ So far as counsel and the author of this opinion have been able to find, the exact question has not been decided by an appellate court in Tennessee in a criminal case. However, the general rule in Tennessee as elsewhere is that there is wide discretion in the trial judge as to matters of this sort, i.e., the order of proof, the permission to reopen the case by either the State or the defendant for further proof, etc. The question seems to have been expressly decided, however. See 23 C.J.S. Criminal Law sec. 1056, p. 465, second paragraph, wherein it is stated:

"An accused cannot rest his case on the evidence produced by the prosecution in chief and thereby limit the court or jury to a consideration of only such evidence as has been produced up to the time accused rested his case."

There is cited *Hall v. State,* 19 Ariz. 12, 165 P. 300, 301. Then the text further states "further evidence in chief or rebuttal may be thereafter permitted and considered" and the same case is cited and in the Supplement is cited also a Texas case, *Campbell v. State,* Tex.Cr.App., 320 S.W.2d 361.

Then for a general discussion of the matter see 53 American Jurisprudence 112, Secs. 128 and 129.

When Dock Estepp and Larry Arnett testified, they both swore that they did not know the stuff was stolen until Officer Nave stopped the car and then the boys told him that they had stolen the stuff. The defendant was among those designated "they".

We, therefore, are of opinion that the trial judge did not abuse his discretion in any way. These boys who stole the stuff were undoubtedly guilty and about the only way the State could proceed was to offer the statements made by young Crowe to Officer Nave, because the State could not put these accused persons on the stand and make them testify to matters which might incriminate them.

The defendant Phill Oliver was either a party to the theft or he was knowingly concealing stolen goods and so far as the statement made in his presence by the Crowe boy to Officer Nave, the record simply does not justify any inference that defendant was so drunk that he was not conscious of Crowe's statement to Officer Nave that the goods were stolen, because it had not been too long a time before that when Oliver, along with the other boys, came out of the weeds at the filling station late at night and were able to go and get this property and bring it back and put it in Dock Estepp's car. We think that *Morelock v. State,* 187 Tenn. 478, 216 S.W.2d 5, is not in point in any way in this case.

The judgment below is accordingly affirmed.

All concur.

### On Petition to Rehear

The petition to rehear filed in behalf of plaintiff in error presents no new argument, adduces no new authority and no material fact has been pointed out as overlooked. Therefore, under Rule 32 the same is overruled.

All concur.