BEVERLY "BUG" WILSON, Plaintiff in Error, v.
STATE OF TENNESSEE, Defendant in Error.

452 S.W.2d 355.

Court of Criminal Appeals of Tennessee. Dec. 10, 1969.

Certiorari Denied by Supreme Court March 16, 1970.

W. G. Harrell, Jr., and Billy Joe White, Tazewell, for plaintiff in error.

George F. McCanless, Atty. Gen., and Arnold Peebles, Jr., Asst. Atty. Gen., Nashville, Arzo Carson, Dist. Atty. Gen., Huntsville, and James D. Estep, Jr., Asst. Dist. Atty. Gen., Tazewell, for defendant in error.

## OPINION

HYDER, Judge.

Plaintiff in error, defendant below, Beverly "Bug"

Wilson, was convicted of assault and battery and sentenced to serve eleven months and twenty nine days in the county jail and to pay a fine of three hundred dollars. His appeal in the nature of a writ of error is properly before this Court.

The trial of this case extended over three days in January, 1968, and several witnesses testified for the State and for the defense. The proof does establish certain facts which are not contested.

It is agreed that on May 31, 1967, in New Tazewell, Tennessee, the plaintiff in error, Beverly Wilson, whom we will refer to as the defendant, shot James Sweet, a deputy sheriff of Claiborne County, with a thirty eight caliber pistol. The shooting occurred at Kitt's Body Shop, where the victim was with his brother working on a car; and where the defendant went to see about the condition of his car which was being repaired. Defendant had the pistol under his shirt which he wore with the "tail out." The victim had a Derringer two shot twenty two caliber pistol.

The victim testified that the assault was unprovoked, that he had not had previous trouble with the defendant, and that he did not assault the defendant in any way. He said that he did not have the Derringer pistol out of his pants pocket, that he did not fire it, and that it was in fact not loaded. He said that he was shot four times.

The defendant testified that there were hard feelings between James Sweet and him; that Sweet had tried to provoke an argument with him on that day and previously; and that he only shot the victim in self-defense after James Sweet had fired two shots at him using the

Derringer pistol. He said that he fired three times, and that he thought only two bullets struck the victim.

Witnesses at the scene supported the testimony of both the defendant and the victim of the shooting, and on the subject of self-defense the proof was directly conflicting and became quite heated at times.

The defendant has filed eighteen assignments of error. The first four assignments charge that the trial judge abused his discretion in: (1) granting a continuance on motion of the State and over the objection of the defendant; (2) over-ruling the motion of defendant for a change of venue; (3) limiting the cross-examination of certain State witnesses; and (4) excluding certain rebuttal testimony offered by the defendant.

On September 7, 1967, the State moved the trial court for a continuance and filed as an exhibit to the motion the statement of a material witness who was absent, and the trial judge heard witnesses testify concerning the absence of the witness. The court directed that an attachment issue for the witness and allowed the continuance. This was during the term of court when the indictment was returned, and the case was tried at the next term of the Criminal Court.

Continuances are left very much to the sound discretion of the judge of the inferior court, and this court will require a very strong case of abuse of this discretion before it will interfere in such matters. Jones v. State, 78 Tenn. 585.

On the trial date the defendant made an oral motion for a change of venue based on newspaper publicity, especially pointing out an article appearing on the sports

page of the newspaper the previous day concerning the filing of a civil suit by the victim, James Sweet. The defendant did not comply with the requirements of the statutes of this State; he did not offer proof in writing in support of his motion. T.C.A. ¶ 20-501 through 20-511. Nevertheless, the trial judge heard the motion and ruled that the matter would be considered further if the court experienced difficulty in selecting a jury. A jury was selected, along with an alternate juror, with no further complaint from the defendant on this subject.

An application for a change of venue is addressed to the sound discretion of the trial judge, and this discretion will not be reviewed, unless a strong case is made out showing an abuse of that discretion. King v. State, 91 Tenn. 617, 20 S.W. 169.

The time and manner of the introduction of witnesses is within the sound discretion of the trial court and it is the particular province of that court to determine whether or not it will permit the introduction of testimony in rebuttal which more properly should have been introduced in chief. And it is the province of the trial court, in his discretion, to see that testimony being offered deals with the matter on trial. Martin v. State, 157 Tenn. 383, 8 S.W.2d 479.

We have considered carefully the rulings made by the trial judge concerning the cross-examination of witnesses, the offering of testimony by the defendant which the trial judge denied; his denial of a change of venue, and his granting of a continuance to the State; and we are of the opinion that his ruling in each instance was correct and proper. Certainly we do not find that

there was any abuse of his judicial discretion in any of these rulings. We over-rule the first four assignments.

█ The fifth and sixth assignments of error charge that the trial judge failed and refused to rule on certain objections, and that he interfered with the conduct of the trial by commenting on the testimony of witnesses and remarking on the statements and conduct of counsel.

We have read the record in this case with care. It consists of almost six hundred pages. It was a trial extending over three days and evidences considerable feeling on the part of some witnesses and some attorneys. It was a true advocacy proceeding, and we do not feel that counsel who participated could easily look at the record with an unbiased mind. We do feel, however, from our study of the case, that an unbiased mind will not gain the impression that the trial judge was unfair in any of his rulings or comments on those rulings. His statements were fair and his rulings were without feeling or prejudice. If he failed to rule on an objection it was when the attorney posing the question withdrew the question, or it was at a time when a ruling would have been moot. We feel that these two assignments are completely without merit.

In his seventh assignment of error defendant claims that the District Attorney General attempted to influence the jury, and did do so, by introducing incompetent statements concerning the defendant's being a gambler and a bootlegger. Further, the eighth assignment of error complains that the District Attorney General made inflammatory and unethical statements to the jury in his argument, in an effort to prejudice the jury against the defendant.

The State may cross-examine a defendant as to matters involving moral turpitude. Powers v. State, 117 Tenn. 363, 97 S.W. 815. It has been held that it was not improper on cross-examination to ask a defendant if he had not been a professional crooked gambler, or if he was not known as a very crooked gambler. State v. Fowler, 213 Tenn. 239, 373 S.W.2d 460.

Some of the statements made by the District Attorney General in his argument to the jury and complained of here were not objected to at the time they were made. Some others were objected to and the trial judge sustained the objection and instructed the jury to disregard the statement.

We do not endorse necessarily all of the statements made to the jury by the District Attorney General and by his assistant; but we do find that when they were improper and were objected to by defendant the trial judge sustained the objection and instructed the jury to disregard. We do not feel that the arguments complained of inflamed the jury or prejudiced their minds against the defendant.

The ninth, tenth and eleventh assignments of error deal with the sufficiency of the proof to sustain the conviction. In his eleventh assignment of error the defendant contends that the proof made out a clear case of self defense.

As we have stated, the testimony of witnesses was in direct conflict of some of the vital issues in this case. One of those issues was the question of self-defense which the defendant attempted to establish. There was proof introduced that the victim did not remove his gun

from his pocket and did not provoke the defendant in any way. As we have said, there was testimony to the contrary.

A jury verdict, approved by the trial judge, accredits the testimony of the State's witnesses, resolves all conflicts in the testimony in favor of the State, and establishes the State's theory of the case. The presumption of innocence then disappears, and upon appeal, that presumption of innocence is replaced by a presumption of guilt.

We cannot reverse a conviction upon the facts unless the evidence preponderates clearly against the verdict of the jury and in favor of the innocence of the accused. We may review the evidence only to determine whether it preponderates against the verdict; and, on appeal, the defendant has the burden of showing that the evidence preponderates against the verdict and in favor of his innocence. Gulley v. State, 219 Tenn. 114, 407 S.W.2d 186; Bacon v. State, 215 Tenn. 268, 385 S.W.2d 107; McBee v. State, 213 Tenn. 15, 372 S.W.2d 173; Brown v. State, Tenn.Cr.App., 441 S.W.2d 485.

The defendant has not shown that the evidence preponderates against the jury verdict and in favor of his innocence, and we do not feel that it does. We overrule assignments nine, ten and eleven.

The next three assignments complain of the trial judge's charge to the jury. Defendant says it was error in failing to charge the jury on the theory of the defendant; that the trial court erred in failing to charge the jury concerning the State's failure to call a material

witness after that charge was requested; and that it was error to charge the jury concerning the law of carrying arms.

██ The assignments of error addressed to the charge of the trial court were not brought to the attention of the trial judge in the Motion for a New Trial, or in the amended and supplemental Motion for a New Trial. Rule 14(5). We have, however, read the instructions which the trial judge gave to the jury and we find them to be proper. He gave a full definition of the law of self-defense, and instructed the jury that even if a person is carrying a weapon for the purpose of going armed he is not deprived of the right to use that weapon in his own necessary self defense. Under the circumstances of the case, with both the defendant and the victim in possession of a pistol, he had a duty to instruct the jury on the law of carrying arms. We do not feel that the instructions given were erroneous, that the defendant was prejudiced by what was said or what was not said to the jury, and we overrule the assignments.

The fifteenth assignment of error says that the verdict evidenced passion, caprice, a complete misunderstanding of the charge of the court or an attempt to reach a compromise verdict.

██ ██ The defendant was charged in one count with assault with intent to commit murder in the first degree. This offense includes lesser offenses, one of which is assault and battery. Morton v. State, 91 Tenn. 437, 19 S.W. 225; Crockett v. State, 125 Tenn. 131, 140 S.W. 1058. The trial judge charged the jury properly on the lesser included offenses, and the verdict of the jury, approved by the trial judge, was proper. In Reagan v.

State, 155 Tenn. 397, 293 S.W. 755, our Supreme Court, quoting from Rutherford v. State, 79 Tenn. 31, said:

"The evidence in the bill of exceptions would have justified a conviction for a higher grade of homicide. Upon this ground, the prisoner's counsel bases an argument for reversal. But a criminal person may be holden for any crime, of whatever nature, which can be legally carved out of the act. If the evidence show him to be guilty of a higher offense, or of a lower, or of one differing in nature, whether under a statute or at common law, he cannot be heard to complain; the question being whether it shows him to be guilty of the one charged."

Certainly there is proof in this record to sustain this verdict, or one of guilt of a greater offense, once the jury rejects self defense.

The sixteenth assignment of error alleges that the jury, in their deliberations, discussed matters outside the record, and that they were influenced by the personal knowledge of one juror which he discussed with the other jurors. In support of this assignment the defendant filed with the trial court, along with his motion for a new trial, the affidavit of one juror, seeking to impeach his own verdict.

We do not feel that a juror can impeach his verdict as is attempted here, by affidavit, and such is not proper grounds for a new trial, where the verdict is sustained by the evidence and is in accordance with the law. Lee v. State, 121 Tenn. 521, 116 S.W. 881.

In Lee v. State, ibid, the Supreme Court, quoting from Harvey v. Jones, 3 Humph. (22 Tenn.) 159, said:

"This court has repeatedly had occasion to comment upon the danger of setting aside verdicts upon the affidavits of jurors, and to declare that it will be done only in extraordinary cases, and then with great caution."

This assignment is overruled.

The last two assignments of error declare that the trial judge should have granted a new trial and that the trial judge should have recused himself. Counsel points out, in a courteous manner, that judges are human, that they sometimes form personal opinions concerning a case, and that in a hotly contested, prolonged case, the personal opinions of the trial judge become obvious to the jury. In support of this the defendant points out that after the trial the court adjudged a witness in contempt, and that he fixed the maximum jail term for the defendant.

The record simply does not support the charges in these two assignments of error. It is true, and we have commented previously, that this was a hotly contested trial extending over three days. Counsel for the defendant were retained, and it can not be complained that they failed to be an advocate for their client. The District Attorney General, and his assistants, evidenced much feeling about the outcome of this case. But we do not find anything to support the charge, courteously made, that the trial judge had opinions which were obvious to the jury.

In Hughes v. State, 126 Tenn. 40, 148 S.W. 543, concluding an opinion of some fifty pages, Mr. Justice Neil

of our Supreme Court made the following statement which we feel can be adopted here:

"The contest was vigorous, and even acrimonious, but was presided over with composure and eminent fairness by the learned trial judge. It is impossible in so great a trial to exclude minor errors. That so few are shown in the present record is the result of the careful manner in which the case was conducted. We are satisfied that justice has been done the plaintiff in error, and the judgment must be affirmed."

We have made careful review of this record and we are of the opinion that the judgment and sentence are proper. We affirm the trial court.

WALKER, P. J., and MITCHELL, J., concur.