THOMAS JOHNSON and EUGENE TURNER, JR., Plaintiffs in Error, v. STATE OF TENNESSEE, Defendant in Error.—469 S.W.2d 529.

February 18, 1971.

Certiorari Denied by Supreme Court June 7, 1971.

Joe Hailey, Selmer, for plaintiffs in error.

David M. Pack, Attorney General, Robert H. Roberts, Assistant Attorney General, Nashville, Will Terry Abernathy, District Attorney General, Selmer, for defendant in error.

RUSSELL, J.  At about 2:30 a.m. on May 3, 1969, Deputy Sheriff Alton Smith of McNairy County, according to his testimony, came upon a burglary in progress at a roadside beer tavern. He testified that plaintiffs-in-error were inside, that the lock had been pried off the front door, and that Johnson and Turner had broken into coin operated machines on the premises. He announced his presence, placed them under arrest, and made them take seats in a booth within the business while he radioed for assistance. Several more officers came to the scene.

The theory of Johnson and Turner was that they were outside the place of business when Deputy Sheriff Smith arrived, that they had no part in or intention to participate in any burglary, and that the officer forced them to

go inside where they were when all of the other officers arrived.

The jury accepted the State's theory as true, and we hold that the evidence does not preponderate against the verdict. Hence, the assignments of error going to the alleged legal insufficiency of the convicting evidence are overruled.

The final assignment of error complains of the trial court's allowing a State's witness to testify as rebuttal proof that the plaintiffs-in-error had tried to settle the witness' property loss in the burglary, with the announced view of trying to get the whole matter settled. The objection was grounded upon the proposition that the evidence was proof in chief, and should not have been admitted upon rebuttal. The plaintiff's-in-error had been cross-examined about the alleged attempts to settle the matter, and had denied any such actions.

The rule excluding proof of offers of compromise, applicable in civil cases, is not extended to criminal cases. Carter v. State, 161 Tenn. 698, 34 S.W.2d 208. And even if we assume that the proof complained of was in fact properly proof in chief, it is well settled in Tennessee that it is within the discretion of the trial court to permit the State, in a criminal case, to introduce testimony in rebuttal which should have been introduced in chief. Moore v. State, 96 Tenn. 209, 33 S.W. 1046; Hughes v. State, 126 Tenn. 40, 148 S.W. 543; Martin v. State, 157 Tenn. 383, 8 S.W.2d 479; Colbaugh v. State, 188 Tenn. 103, 216 S.W.2d 741. See also Oliver v. State, 208 Tenn. 692, 348 S.W.2d 325; Essary v. State, 200 Tenn. 200, 357

S.W.2d 342; and Guy v. State, Tenn.Cr.App., 443 S.W.2d 520.

We affirm the respective convictions for burglary in the third degree and penitentiary sentences of not less nor more than three years.

We note the trial court clerk was late in filing the transcript in this Court, and that the trial Court entered an order purporting to extend the clerk's time. Obviously, the trial Court cannot modify our rules, and the order attempting to do so is a nullity. However, we note that good cause was found by the trial Court, so we will not invoke the penalty of Rule 7.

Mitchell and O'Brien, JJ., concur.