JOHN R. HOLCOMB v. THE STATE.

CRIMINAL LAW. *Power to admit to bail after conviction.* The power to admit a prisoner to bail after conviction, pending an appeal on writ of error to this court, conferred by the Code, sec. 5142, upon the trial court or the judge thereof, and upon this court, can only be exercised by this court while sitting in the grand division in which the case is to be tried, but may be exercised by the trial court, or the judge thereof, at any time when this court is not sitting.

FROM MAURY.

Petition of prisoner to be admitted to bail.

COOPER, J., delivered the opinion of the court.

On the 12th of February, 1881, the plaintiff in error was convicted, in the circuit court of Maury county, of the crime of murder in .the second degree, and sentenced to. confinement in the penitentiary for the period of twenty years. He prayed an appeal in the nature of a writ of error to this court at its then pending term, which was granted, and in default of bond and security the sheriff was ordered to deliver him to the keeper of the Nashville jail. It was expected that the appeal would be heard and disposed of at the term of this court to which the appeal was taken. This expectation was not realized, because the short-hand writer, employed by consent of parties to take down the testimony, failed to write it out in full in time to make up the transcript before the court adjourned. After the adjournment of the court, the plaintiff in error applied to the Hon. W. S. McLemore, the judge of the circuit court of Maury county, by whom the case had been tried, to fix the amount of bail, but his Honor declined to act, upon the ground that the case had passed, by the appeal, beyond his jurisdiction. The plaintiff in error then applied by petition to the Hon. F. T. Reid, judge of the circuit court of the county of Davidson, who declined to act, upon the ground that he had no authority in the case. The plaintiff in error has now filed a petition to. this court, setting out the foregoing facts, and asking us to fix his bail.

The Code, sec. 5149, reads as follows: "In the

cases in which the defendant may be admitted to bail
upon appeal or writ of error as before provided, the
order admitting him to bail may be made either by
the court wherein the judgment was rendered, or the
judge thereof, or by the supreme court."

The power to admit to bail in the case made by
the petitioner is clearly conferred. by this provision of
the Code on the judge of the court wherein the judg-
ment was rendered, and on this court.    We have re-
peatedly held, that jurisdiction conferred upon this
court must be exercised by the court while sitting in
the grand division of the State in which the case origi-
nates: *Baird* v. *Turnpike Co.*, 1 Lea, 395.    Power
conferred upon a judge of the court may be exercised
in any part of the State.    The statute confers the
authority to admit to bail in the cases mentioned on
the court, and not upon either of the judges.    The
time of the court must be devoted to the business of
the grand division in which it is sitting, for the time
being, and to bring prisoners from one grand division
to another for the purpose of admitting them to bail,
or for any other purpose, is wholly unauthorized by
law.

We are of opinion, however, that his Honor, the
Circuit Judge, has taken too narrow a view of his
authority and duty under the provision of the Code
cited.    The power to make the order admitting to
bail is clearly conferred upon him in general terms,
and may be exercised at any time when the supreme
court is not in session in the grand division of the
State in which the appeal or writ of error was taken.

Holcomb v. State.

The mere fact that he has no longer jurisdiction of the case will not affect the power. The Legislature might have authorized any judge in the State to make the order, as they have expressly done by the Code, sec. 5147, in criminal cases before conviction. That body has, however, very properly limited the power, after conviction, to the judge who tried the case, or the court whose duty it would be to try him. Upon the former, because he is familiar with the facts of the case, and is in a condition to determine the amount of bail without difficulty. Upon the latter, because it will then be the most convenient tribunal, with the record before it, and the prosecuting officer of the State in attendance. The provisions of the section of the Code cited are eminently wise and proper, and the power to bail is altogether independent of the jurisdiction to try.

The application of the prisoner must be refused, but the clerk of this court will make out and transmit a copy of this opinion to his Honor, the trial judge.