JAMES CLARK *v.* STATE.

*(Jackson.* April Term, 1929.)

Opinion filed July 20, 1929.

TAYLOR, ADAMS & FREEMAN, for plaintiff in error.

W. F. BARRY, JR., Assistant Attorney-General, for the State.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

By the petition to rehear the plaintiff in error again urges his fourth and sixth assignments of error, not expressly responded to in the written opinion heretofore filed.

The fourth assignment complains that the convicting evidence was obtained by the testifying officers through disclosures made to them by the wife of the plaintiff in error; and that, since her information came to her through the marital relation, evidence resulting from her disclosures was incompetent.

Conceding that the wife would have been an incompetent witness against her husband as to these matters, *McCormick* v. *State*, 135 Tenn., 218, we are cited to no

authority extending the privilege so as to render incompetent the testimony of strangers to the marital union because the facts related in their testimony were discovered by them as the result of extrajudicial ·and voluntary disclosures of the wife. In Ruling Case Law, vol. 28, p. 480, it is said: ''Apparently the rule does not exclude evidence obtained indirectly from one spouse if it is admissible under other rules of evidence.'' And in *Welker* v. *New York Central R. R.*, 275 Pa., 82, 86, 118 Atl., 615, the Supreme Court of Pennsylvania said:

''Under the second assignment, plaintiff contends error was committed in receiving evidence of facts learned through declarations or acts of plaintiff's wife, on the ground that she would not have been a competent witness against him, and, consequently, statements made by her were incompetent. While the wife would not have been a competent witness against her husband, there is no rule of law which prevents a third person from instituting criminal proceedings based on facts learned through information given by the wife of the accused. The admission of such facts in evidence is not permitting the wife to testify against her husband. *Com.* v. *Johnson*, 213 Pa. 432.''

The sixth assignment of error complains that the trial judge committed error in expressing his opinion of the guilt of the plaintiff in error in the presence of the jury. In a colloquy with attorneys for plaintiff in error with regard to the competency of the evidence offered by the State, the judge said: ''I believe I'll overrule your exception. If I sustain it, the defendant goes free on a technicality, and the liquor was there. I dôn't think he should be turned loose, and the state insists so.''

■ No exception was taken to the language of the trial judge at the time, but an exception was preserved only to the ruling admitting the evidence objected to. And in view of the fact that no evidence was offered by the plaintiff in error to meet the case made by the State against him, we do not think a new trial should be awarded. The evidence was uncontroverted that the whisky was on the premises of the plaintiff in error, and that he admitted an interest in it, though charging his wife with a joint responsibility. The jury could not have failed to convict, and the remark of the trial judge cannot be said to have affected the result. Acts 1911, chapter 32, forbids a reversal under such circumstances. The charge was not preserved by bill of exceptions, and it must be presumed that all questions of fact were submitted to the jury under proper instructions. *Temple* v. *State,* 127 Tenn., 429.

The petition to rehear is denied.