WADE YOCHUM et al., Plaintiffs in Error, v. STATE OF TENNESSEE, Defendant in Error. —469 S.W.2d 538.

November 27, 1970.

Certiorari Denied by Supreme Court June 7, 1971.

John W. Palmer, Dyersburg, David D. Walker, Ripley, for plaintiffs in error.

David M. Pack, Attorney General, Thomas E. Fox, Deputy Attorney General, Nashville, Will Terry Abernathy, District Attorney General, Selmer, Preston Parks, Assistant District Attorney General, Somerville, for defendant in error.

DWYER, J. Wade Yochum, Allen Baggett and James Byrum appeal from a conviction in the Circuit Court of Lauderdale County. Wade Yochum was found guilty by a jury of committing the offense of concealing or receiving stolen property over the value of $100. James Byrum and Allen Baggett were found guilty by a jury of committing the offense of concealing stolen property over

the value of $100. The three received for their punishment on the respective verdicts confinement for not more than three years in the State Penitentiary. They are and were represented by privately-retained counsel. They have seasonably appealed and assign errors attacking the verdicts and judgments rendered thereon.

▆▆▆▆ The facts found in this record are summarized in order to properly evaluate the assignments of error. The Ammons Brothers Hardware Store located in Ripley, Tennessee, was unlawfully entered and burglarized during the night hours in the early part of December, 1968. A number of rifles, shotguns and ammunition taken as a result was made known to the sheriff of Lauderdale County. On January 4, 1969, Wade Yochum was arrested by the sheriff in Lauderdale County for public drunkenness. On searching his person a derringer-type pistol was found which at the trial was identified as a pistol which had been taken as a result of this burglary. On January 19, 1969, the sheriff received information in his office that Yochum, Baggett and Byrum were in possession of stolen guns, had placed them in the trunk of an automobile and were leaving the State. The sheriff drove at speeds of 100 miles per hour and radioed in a successful effort to have this car stopped. On his arrival at the place where the automobile had been stopped by his deputy he placed the three under arrest. He ordered Baggett, who was in possession of the car, to open the trunk. Inside were weapons which at the trial were identified as some of the weapons removed from the store as a result of the burglary. At the trial Allen Baggett testified that he had earlier in the day given Yochum the keys to the trunk of his car and had observed Yochum put in a pack-

age and he did not know what it contained. The three were acquitted of the burglary of the store. Wade Yochum, James Byrum and Allen Baggett contend there is a lack of evidence in this record to support their convictions. The court charged the jury the law on circumstantial evidence and also charged the law on aiders and abettors. The record reflects the three were in the company of one another in Lauderdale County the night before they were arrested. The defendant Baggett testified that they were together, slept in the car at Byrum's house and then went to Yochum's, where on the date of arrest he loaded a package into the trunk which was the recovered weapons. The jury had before it the fact that they were together, that Yochum put the guns in the trunk of Baggett's car, with Byrum present, also that they slept in Byrum's yard the night before. They also had proof that Yochum had the stolen pistol on his person when arrested on January 4, 1969. In considering this assignment we bear in mind that on a verdict of guilty the defendants have lost their presumption of innocence and have the burden in this court of showing the evidence preponderates against the verdict and in favor of their innocence. Ivy v. State, 197 Tenn. 650, 277 S.W.2d 363; Anderson v. State, 207 Tenn. 486, 341 S.W.2d 385. After the corpus delicti has been proven beyond a reasonable doubt, circumstantial evidence may be sufficient of itself on which to base a conviction. Foster v. State, 180 Tenn. 164, 172 S.W.2d 1003. Recent unexplained possession of stolen property gives rise to the inference that the possessor has stolen it. Tackett v. State, 223 Tenn. 176, 443 S.W. 2d 450; Raynor v. State, Tenn.Cr.App., 447 S.W.2d 391; State v. Veach, 224 Tenn. 412, 456 S.W.2d 650. The jury did not accept Baggett's explanation of not knowing what

Yochum put in the trunk of his car. The defendants Yochum and Byrum did not testify. In the absence of an explanation, under Tackett v. State, *supra*, a prima facie case is made out by the State which is sufficient to convict of receiving and concealing stolen property. The jury then could infer from the proven facts and circumstances in this record that Yochum, Baggett and Byrum were in possession of the stolen guns with knowledge that they were stolen. When the proof shows a defendant's possession to have been a guilty possession, slight circumstances may authorize a jury to determine whether he has been guilty of the theft or of receiving stolen property knowing it to have been stolen. Cook v. State, 84 Tenn. 461, 1 S.W. 254. The defendants have not overcome the presumption of guilt they are under in this court. We find ample evidence to sustain the verdicts as returned. The assignment is accordingly overruled.

The defendants Baggett and Byrum contend the court erred in not granting their motion of severance from the co-defendant Yochum. The State and the defendants both rely upon Tomlin v. State, 207 Tenn. 281, 286, 339 S.W.2d 10, 12, wherein the following language may be found:

"The test of whether one charged with a joint crime is entitled to a severance is whether he would be unfairly prejudiced in his defense by being put to a joint trial."

We find no such prejudice in this record. The evidence developed at the trial was not antagonistic as to any of the defendants, one to the other. There were no incriminating statements made by any defendant to the preju-

dice of the others. The evidence developed at the trial would have been competent in a separate trial had as to Baggett and Byrum. We find no abuse in the discretion of the trial judge in denying the motion. See Yelton v. State, 211 Tenn. 464, 365 S.W.2d 877. The assignment is accordingly overruled.

The defendants Baggett and Byrum next contend the court erred in denying them a mistrial when the court, upon the jury panel being exhausted, ordered jurors to be picked who were not duly selected. Defendants premise their contention on the basis that the jurors thus selected did not give the defendants the opportunity to know who they were in accordance with T.C.A. sec. 40-2505. When the regular panel was exhausted the court ordered the sheriff to summon other jurors. See T.C.A. sec. 22-233. There is no showing that the action of the trial court denied defendants a fair and impartial trial. See Cooley v. State, 174 Tenn. 168, 124 S.W.2d 250. The assignment is accordingly overruled.

The defendants next contend that the evidence (guns) were obtained as a result of an illegal search and therefore should have been suppressed on motion. With the insistence of the defendants we do not agree. The sheriff testified he had been working on the burglary since its occurrence. The informer gave him detailed information about the car, guns and persons, plus the fact that the car had been loaded with the stolen guns and was on its way out of the State. The sheriff immediately acted upon this information. He radioed to intercept the car and drove at speeds of 100 miles per hour to intercept the car. The car was stopped a couple of miles from the

adjoining county. We hold that the search that followed was not unreasonable. See Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970). The sheriff, under the facts and circumstances, to have acted otherwise, to say the least, would have been imprudent. The assignment is accordingly overruled.

■ Defendants next contend it was error for the court to allow the sheriff over objection to relate to the jury the information told him by the informant. When the sheriff started testifying as to the arrest and search an objection was interposed with a hearing properly held out of the presence of the jury. The court then determined that the search was not unreasonable. In the presence of the jury the sheriff testified in response to the attorney general's questions concerning the circumstances surrounding the arrest; that a very reliable and confidential informant told him that the defendants were loading stolen guns in the trunk of the car. This was objected to by the defendants as being hearsay, the court overruling the objection. However, when the witness again started testifying in detail about what the informant had told him, he was interrupted by defense counsel's reiterated objection. An argument between counsel followed, in which defense counsel finally stated: "What I'm objecting to now, I thought that * * * my understanding was that he could testify about having received a complaint about them doing such, but not to go into all the details of what this other third party saw and observed and everything about it. That's highly prejudicial." Whereupon, the prosecuting attorney agreed to rephrase the question, and properly did so. The Court was not further called upon to rule upon the question, nor

to instruct the jury to disregard the partial prior answer. We overrule this assignment of error.

■ Defendants next contend the court erred in not declaring a mistrial when the sheriff on cross-examination related he knew defendants personally, that they had not been out of jail long. This answer was in response to the defendant asking the sheriff if he called defendants by name. We find no merit in this assignment. It is accordingly overruled.

■ The defendants next contend it was error for the court to read disjointed portions of the charge and to charge the jury orally in contravention of T.C.A. sec. 40-2516. The jury, upon reporting its verdict finding the defendants guilty and fixing their punishment, failed to reflect whether the convicting offense was receiving and concealing stolen property over or under $100. The Court reread portions of his charge pertaining to the punishment for the offenses. We fail to find any error involved in the trial court's handling of this matter. Under the circumstances we feel it was the only fair way the court could act. See Gamble v. State, 215 Tenn. 26, 383 S.W.2d 48. The assignment is accordingly overruled.

■ Defendants further contend it was error for the clerk to submit the technical record without including the written charge of the court. The charge as given is contained in the bill of exceptions filed in this cause and is therefore properly before this court. See Ward v. State, 102 Tenn. 724, 52 S.W. 996; Clark v. State, 159 Tenn. 507, 19 S.W.2d 228. The assignment is accordingly overruled.

All assignments considered and found meritless the judgment of the trial court is affirmed.

Walker, P. J., and Russell, J., concur.