MICKEY BERRY and PATRICIA BERRY, Plaintiffs
in Error, v. STATE OF TENNESSEE,
Defendant in Error. —474 S.W.2d 668.

September 20, 1971.

Certiorari Denied by Supreme Court December 6, 1971.

Joe J. Harrison, Jr., and Joe J. Wild, Jr., Chattanooga, for plaintiffs in error.

David M. Pack, Attorney General, Lance D. Evans, Assistant Attorney General, Nashville, Don W. Poole, Assistant District Attorney General, Chattanooga, Frank M. Groves, Assistant District Attorney General, Lookout Mountain, for defendant in error.

RUSSELL, J. The plaintiffs-in-error, Mickey Berry and Patricia Berry, have prosecuted this appeal in the nature of a writ of error from their convictions upon a joint trial of illegally possessing narcotics. Each was sentenced to pay a fine of Five Hundred Dollars ($500) and to serve a term of two (2) years in the penitentiary.

By petition for writ of certiorari, Patricia Berry has sought to have this court set aside an order of the trial court revoking her bail bond pending appeal, and to set an appropriate bond. She contends that because the trial judge had set bond for her at $5000.00 on November 23, 1970; and the transcript of the record for her appeal was filed in this court on December 16, 1970, that the trial court had no jurisdiction to revoke the bond on January 25, 1971. It is clear that the revocation was for good cause, and was not an abuse of the trial court's discretion.

Had the bond been denied originally, and subsequently granted more than thirty days later, there could be no question of the trial court's authority and jurisdiction to

do so. In the case of Holcomb v. State, 74 Tenn. 668, our Supreme Court said:

"We are of the opinion, however, that his Honor, the Circuit Judge, has taken too narrow a view of his authority and duty under the provision of the Code cited. The power to make the order admitting to bail is clearly conferred upon him in general terms, and may be exercised at any time when the supreme court is not in session in the grand division of the State in which the appeal or writ of error was taken. *The mere fact that he no longer has jurisdiction of the case will not affect the power.* * * * The provisions of the section of the Code cited are eminently wise and proper *and the power to bail is altogether independent of the jurisdiction to try.*" (Emphasis added.)

The power of the trial court to revoke for good cause bail pending appeal already granted is implicit; and we hold that the jurisdiction to so revoke is concurrent with the time within which the trial court can grant bail pending appeal. To hold otherwise would be to make the trial court's jurisdiction dependent upon how it decided the question. Holcolmb v. State, *supra,* says that bail could be granted by the trial court after an appeal has been perfected and the case is in the appellate court. During this same time certainly the trial court should have the power to deny or revoke bail, in a proper case. Certiorari on this question is denied.

These convictions grew out of a raid upon a house trailer rented by Patricia Berry. A bottle of Avondine, a narcotic, was found in a paper bag on top of the refrigerator.

Patricia and Mickey Berry were formerly married, but had been divorced for some time. They had two children. He was supporting his ex-wife and children, and at times lived in the trailer in a common-law marriage relationship. He had so spent the very night before this raid.

Both testified. She contended that the trailer was exclusively rented to her, and denied any knowledge of the drugs found there (while admitting that they were so found in her presence).

He denied any connection with the trailer, or any knowledge of the drugs. The defendants presented as their witness his younger brother, who testified that he had left the drugs there.

◼ Three assignments of error challenged the legality of the search, and are grounded upon the alleged invalidity of the search warrant. It is unnecessary to consider these questions, in light of the theories of the defendants. He claims absolutely no connection with the premises or the drugs seized, so can hardly complain of the search. She admits that the drugs were there, but denies any interest in them. Both present a third party who says that he put the drugs there. Under the principle enunciated in Lester v. State, 216 Tenn. 615, 393 S.W.2d 288, that if a defendant testifies in substance as to evidence which has been otherwise erroneously admitted then his testimony clears whatever error there might have been, the validity of the search warrant herein is immaterial.

■ Error is assigned upon the trial judge's refusal to direct verdicts. We hold that the evidence presented a jury question. Clearly Mrs. Berry, by her own theory, occupied the premises where the drugs were situated. Mr. Berry was shown, by a good body of the evidence (including his own brother's testimony) to have been living there in a common-law relationship, in joint occupancy of the premises. The contrary testimony was of questionable credibility, as was the brother's "admission" that the drugs belonged to him. A jury question was presented, and the verdicts are supported by legally sufficient evidence.

■ Both plaintiffs-in-error assign error upon what they say was the failure of the trial judge to charge the jury as to what constitutes "possession" of drugs. Apparently no special request was tendered and no objection made to this alleged incompleteness of the charge. The joint motion for a new trial does not raise this question, as is required for reliance thereupon on appeal. Rule 14(5) of the Supreme Court, duly adopted by this court. Kirby v. State, 214 Tenn. 296, 379 S.W.2d 780. Counsel is apparently employed. The original bill of exceptions did not contain the charge. It now purports to be before us as the result of the order of a single judge of this court, and this supplemental bill of exceptions is without any authentication by the trial judge. For the reasons first stated, it is unnecessary for us to consider whether the court's charge is before us. (If it is not, the settled rule is that it is presumed that the trial court correctly charged the law of the case, submitted all questions of fact to the jury, and that the jury was correctly instructed. Temple v. State, 127 Tenn. 429, 155 S.W. 388; French v.

State, 159 Tenn. 451, 19 S.W.2d 276; Clark v. State, 159 Tenn. 507, 19 S.W.2d 228.)

■ It is said in each case: "The trial judge was in error in overruling defendant's Motion for Directed Verdict after the jury was handed the search warrant which contained extraneous items not charged in the indictment, said items being highly prejudicial to defendant, and the Trial Judge's refusal to instruct the jury to disregard the extraneous matter listed on the 'return' of the search warrant."

Counsel no doubt meant to complain of a refusal to grant a mistrial, rather than a directed verdict.

We find that when the search warrant (which did show some guns, etc., had also been confiscated) was offered in evidence by the State, no objection was made. Some time later in the trial, defense counsel observed that some of the jurors had been seen pointing out this part of the instrument, moved for a mistrial; and after it was overruled it was agreed that the jury would not again have the search warrant. At no time did counsel request the trial judge to instruct the jury to disregard these extraneous items. We cannot hold the trial court to have erred for allowing evidence not objected to, or for "refusing" to do that which was never requested.

■ Mickey Berry claims that he had been illegally arrested by sheriff's officers, and brought by them into Chattanooga, where he was arrested in this case. No proof that he had been illegally arrested initially is presented in this record, nor would it invalidate this proceeding if it were true. His arrest in this case was

lawful. Further, there is no constitutional immunity from an unlawful arrest. Satterfield v. State, 196 Tenn. 573, 269 S.W.2d 607; Harris v. State, 206 Tenn. 276, 332 S.W.2d 675. And the power of a court to try a person is not impaired by the fact, even where it be a fact, that he was brought within the court's jurisdiction illegally. Swaw v. State, Tenn.Crim.App., 457 S.W.2d 875.

Finally, we hold that the evidence does not preponderate against the verdict.

We affirm the judgments of the trial court.

Walker, P.J., and Dwyer, J., concur.