Ricky LATHAM, Appellant,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee.

Aug. 9, 1977.

Certiorari Denied by Supreme Court
Jan. 16, 1978.

Charles Deas, Maryville, for appellant.

Brooks McLemore, Jr., Atty. Gen., Nashville, Jack E. Seaman, Asst. Atty. Gen., Nashville, H. Kenneth Deatherage, Dist. Atty. Gen., Kingston, John C. Crawford,

III, Asst. Dist. Atty. Gen., Maryville, Edward P. Bailey, Jr., Asst. Dist. Atty. Gen., Lenoir City, Charles E. Hawk, Asst. Dist. Atty. Gen., Kingston, for appellee.

GALBREATH, Panel Presiding Judge.

## OPINION

Ricky Latham appeals from his conviction by the Criminal Court of Blount County finding him guilty of selling Lysergic Acid Diethylamide (LSD), a Schedule I controlled substance. He was sentenced to confinement in the State Penitentiary for a period of not less than eight nor more than ten years and ordered to pay a fine of $3,000.

■ An agent for the Tennessee Bureau of Investigation testified that he purchased 100 tablets of what a State toxicologist testified was LSD on October 25, 1975, while in the company of an informant who introduced him to the appellant and non-appealing co-defendant. The appellant and his co-defendant represented that the tablets were LSD and they divided the purchase money in the undercover agent's presence. Both defendants offered alibi defenses. There was no other proof. The evidence is legally sufficient to support the verdict of the jury. *McBee v. State*, 213 Tenn. 15, 372 S.W.2d 173 (1963).

Appellant first assigns as error that the trial court failed to provide his counsel adequate opportunity to argue pre-trial motions filed in advance of trial. Apparently, defense counsel had indicated to the trial judge that there were some pre-trial motions before the Court which were left undisposed of prior to the impanelling of the jury but failed to have his request heard on the record before the jury was selected, sworn and accepted by both sides. However, the trial court permitted extensive argument on the motions after the jury was selected.

Basically, defense counsel was asking for a continuance in order to find the informant who introduced the undercover agent to the appellant, to have an expert witness of his own choosing analyze the LSD, and to have his other pre-trial motions, previously granted by the Court, complied with.

■ Continuances address the sound discretion of the trial judge. A manifest abuse of the discretion must be shown to justify reversal. *Wilson v. State*, 2 Tenn. Cr.App. 138, 452 S.W.2d 355 (1969). There are no affidavits to show what testimony the missing witness would have offered. " * * * (I)n the nature of things, much must be left to the discretion of a circuit judge, who is presumed to have, and who has in fact so large an experience upon the subject of criminal trials, who knows the shifts, and devices, and false pretenses to which defendants resort in the hope of escape from justice, and that to disturb the exercise of his discretion, there should be something developed in the after trial to show that the defendant might have been prejudiced in some way by the refusal to grant a continuance." *State v. Rigsby*, 74 Tenn. 554 (1880)

The assignment is overruled.

■ Appellant also challenges the failure of the trial court in not requiring the State to allow defense counsel to inspect and duplicate, copy, photograph, or otherwise reproduce any and all tests, graphs, charts, photographs, records and any and all other documents or tangible objects used, produced and/or manufactured in regard to and as a result of the analysis of the alleged controlled substance by the State toxicologist. T.C.A. § 40–2044 does not require the State to make available its work products to the accused. *Hudgins v. State*, 3 Tenn.Cr.App. 148, 458 S.W.2d 627 (1970).

A meritorious assignment complains that the trial court erred in not requiring the State to comply with T.C.A. § 40–2044 by permitting the appellant to have an independent analysis made of the alleged controlled substance by an expert of his own choosing. The trial court conditionally denied this motion unless the defendant was able to secure an individual or laboratory properly qualified to conduct an analysis. Upon representation for the co-defendant that no registered expert could be obtained

unless a continuance was granted, the trial judge ordered the cause to trial.

In *State v. Gaddis*, 530 S.W.2d 64 (Tenn. 1975), it was held that, pursuant to the provisions of T.C.A. § 40–2044, a defendant is entitled to "receive a sample or specimen of a controlled substance in order to have an independent analysis made by an expert of his own selection, and at his own expense, but under such conditions as the trial judge may impose."

■ The State insisted that it would be unlawful for the trial judge to permit any expert other than one registered with the Federal Government to have possession of a sample of the drug for the purpose of making the inspection. This was not a sound position.

It violates no law to be in possession of contraband property obtained lawfully in furtherance of law enforcement. A policeman, for example, violates no law when he takes into his possession from an arrestee narcotic drugs to be processed as evidence. Carrying the State's insistence to its ultimate absurdity, members of this Court would be in violation of law since we now are in literal possession of the contraband. It is not possession, but unlawful possession, that is proscribed by applicable federal statute. See U.S.C. 21, § 841 et seq.

The fact that a laboratory technician, toxicologist, physician, chemist, or other expert whose qualifications satisfies the trial judge is, or is not, licensed or registered by a governmental agency is not controlling on the discretionary power of the court to permit an examination.

■ The trial judge, if otherwise satisfied that the expert chosen by the defense was competent, should have permitted the inspection under such reasonable conditions as he deemed appropriate. Accordingly, error was committed in refusing to allow the inspection.

As did the Supreme Court in *Gaddis*, we conditionally vacate the judgment and remand for an examination of the contraband under such conditions as the trial court deems suitable by an expert chosen on behalf of the defendant. "In the event the analysis demonstrates that the seized materials are controlled substances, the judgment will be reinstated and immediately carried into execution. If the analysis demonstrates they are not controlled substances, a new trial will be awarded." *State v. Gaddis, supra* at 70.

Counsel for appellant is admonished that if there is no real basis in fact for a belief that a probability exists that the inspection now made available will produce different results than tests already made of the controlled substance, then the assignment of error, upon which the remand is predicated, will approach frivolity. *If* the appellant knows personally that the report of the State toxicologist was accurate, it profits little to force the considerable expenditure of time, effort, and money involved in the procedure mandated by *Gaddis*. In such instances in the future, it would be well for the trial judge to make available a small sample of the material to be tested after trial in order that the defense may make such determination of chemical composition as necessary to support or refute the State's evidence on the vital evidentiary point. The result could then be considered on motion for new trial.

We have carefully considered all other assignments and find them unmeritorious.

Conditionally vacated and remanded.

DAUGHTREY, J., concurs in the result.

SAM L. LEWIS, Special Judge, concurs.