James Samuel TILLERY, Appellant,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee.

Feb. 15, 1978.

James L. Milligan, Glen B. Rutherford, Knoxville, for appellant.

Brooks McLemore, Jr., Atty. Gen., Robert L. Jolley, Jr., Asst. Atty. Gen., Nashville, Ronald A. Webster, Dist. Atty. Gen., John W. Gill, Jr., Asst. Dist. Atty. Gen., Knoxville, for appellee.

## OPINION

RUSSELL, Judge.

James Samuel Tillery has appealed his conviction for second degree murder. In the judgment below the appellant was sentenced to 45 years in the State penitentiary. For reasons hereinafter stated, that judgment is affirmed.

The appellant asserts that he was denied the right to a speedy trial. In support of this contention he invokes provisions of the Sixth Amendment to the United States Constitution; Article I, Section 9 of the Tennessee Constitution; and Tennessee Code Annotated Sections 40–2001 and 40–2102. Tillery complains about the interval between December 3, 1975, when he was bound over to the Knox County Grand Jury, and September 27, 1976, when the indictment was returned.

■ When a defendant in a criminal case alleges that the government has failed to afford him a speedy trial, four factors are to be weighed in considering whether his constitutional right has been violated: (1) the length of the delay, (2) the defendant's assertion of his right to a speedy trial, (3) the reasons for the delay, and (4) prejudice to the defendant. *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); *State v. Bishop,* 493 S.W.2d 81 (Tenn.1973). No single factor is determinative in all cases, but the most crucial inquiry is whether the delay has prejudiced the defendant. *U. S. v. Reynolds,* 489 F.2d 4 (6th Cir. 1973). *Trigg v. State of Tennessee,* 507 F.2d 949 (6th Cir. 1974), cert. denied 420 U.S. 938, 95 S.Ct. 1148, 43 L.Ed.2d 414.

■ The delay of almost 10 months from the bind over order to the return of the indictment is greatly mitigated by the lack of a showing of prejudice to the appellant. Nothing in the record indicates that Tillery's defense was impaired by the delay. Before the return of the indictment Tillery was not incarcerated but was out on bond.

■ It appears from the record that the delay was occasioned by a backlog before the Knox County Grand Jury which eventually led to the creation of a third division of the Knox County Criminal Court. While this circumstance does not relieve the State from its duty to speedily try the accused, *Garrett v. State,* 534 S.W.2d 325 (Tenn.Cr. App.1975), it does tend to extenuate the time that elapsed before the return of the indictment. *Strunk v. United States,* 412 U.S. 434, 93 S.Ct. 2260, 37 L.Ed.2d 56 (1973).

The factors discussed above, along with the fact that Tillery did not assert his right to a speedy trial until April 22, 1977, seven months after the return of the indictment, lead us to the conclusion that the appellant's right to a speedy trial has not been violated.

■ By his next assignment of error, the appellant maintains that the evidence is not sufficient to support the jury's verdict that he is guilty of second degree murder. In a statement given to the police on the day of the murder and in his testimony at trial, Tillery said that he shot the deceased, Sidney Butler. Two eyewitnesses to the shooting testified. They both stated that before Tillery began shooting his .410 shotgun at Butler, he told Butler that he was going to kill him. Both witnesses indicated that the appellant shot Butler in the chest and in the buttocks. One of the witnesses, Edward Page, said that a third shot hit Butler in the head. The Knox County Coroner testified that the victim sustained gunshot wounds in the head, chest, and buttocks. We hold that the evidence is sufficient to support the jury's finding that Tillery is guilty of second degree murder. This assignment is without merit.

■ Error is assigned upon the basis of the trial court's allowing one of the eyewitnesses, Buster Chandler, to testify that several months after the murder he was threatened by the appellant. While testify-

ing on his own behalf, Tillery denied making any threats to Chandler. Any attempt by an accused to conceal or destroy evidence, including an attempt to suppress the testimony of a witness, is relevant as a circumstance from which guilt of the accused may be inferred. *Hicks v. State,* 533 S.W.2d 330 (Tenn.Cr.App.1975); *U. S. v. Franks,* 511 F.2d 25 (6th Cir. 1975), cert. denied *Mitchell v. U. S.,* 422 U.S. 1042, 95 S.Ct. 2654, 45 L.Ed.2d 693 and *Britton v. U. S.,* 422 U.S. 1048, 95 S.Ct. 2667, 45 L.Ed.2d 701. Thus, the trial court did not commit error by permitting the introduction into evidence of Chandler's testimony.

█ The appellant's next assignment of error concerns the trial court's refusal to grant his special requests for jury instructions. The instructions given by the trial court are not in the bill of exceptions, therefore we must presume that the charge given fully and fairly stated the applicable law. *Berry v. State,* 4 Tenn.Cr. 592, 474 S.W.2d 668 (Tenn.Cr.App.1971). When the trial court correctly charges the applicable law, it is not error to refuse special requests. *Edwards v. State,* 540 S.W.2d 641 (Tenn.1976). This assignment is overruled.

█ In his final assignment of error, the appellant contends that the sentence is excessive. The jury's sentence of 45 years in the State penitentiary is within the statutory limits of T.C.A. § 39–2408 and is therefore not excessive. *Buckingham v. State,* 540 S.W.2d 660 (Tenn.Cr.App.1976). This assignment is meritless.

The judgment of the trial court is affirmed.

O'BRIEN, J., and W. WAYNE OLIVER, Special Judge, concur.