STATE of Tennessee, Appellee,

v.

Robert Eugene BARBER & Edward H. Eichmann, Appellants.

Court of Criminal Appeals of Tennessee, at Nashville.

Sept. 24, 1981.

Permission to Appeal Denied by Supreme Court Dec. 14, 1981.

Thomas C. Faris, Winchester, for appellants.

William M. Leech, Jr., Atty. Gen., James A. DeLanis, Asst. Atty. Gen., Nashville, J. William Pope, Dist. Atty. Gen., Pikeville, Mike P. Lynch, Asst. Dist. Atty. Gen., Winchester, for appellee.

## OPINION

DWYER, Judge.

From their conviction of robbery with a deadly weapon and fifty year sentences, appellants appeal as of right presenting nine issues, one of which challenges the sufficiency of the evidence. It will therefore be narrated in the strongest legitimate light in favor of the State's case. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn.1978).

Around 11:30 p. m. on January 25, 1980, Martin Lawrence and his sister Robbie were watching television at their parents' home in Franklin County when the appellant Barber forced open the kitchen door, placed a pistol on Martin and ordered Robbie to unlock the back door. Appellant Eichmann, armed with a sawed-off shotgun, then entered the house and ordered Mr. Robert Lawrence and his wife to crawl down the hall to the kitchen-den. The appellants used telephone cords and antenna wire to bind the family. While this was going on Mrs. Lawrence experienced chest pains and the armed men unsuccessfully attempted to locate her medication. After taking a driver license, a credit card, some dollar bills, change and keys, the appellants left the farmhouse in Mrs. Lawrence's Chevrolet Impala. The family, freeing themselves, promptly reported the robbery to the sheriff's office.

Around 12:15 a. m. a highway patrolman who had received the broadcast regarding the armed robbery located a vehicle which fit the description of the Lawrences' automobile traveling west on I–24. A high speed chase ensued which resulted in the patrolman colliding into the rear end of the car. Appellant Barber heeded the officer's command and threw a shotgun out. Martin Lawrence's driver's license and credit card were found on appellant Eichmann's person. The subsequent search of the vehicle produced a loaded .32 revolver.

Around 2:00 a. m. Mr. Lawrence and his son identified the appellants as the robbers at the Coffee County Jail. The in-court identification by Mr. Lawrence upon objection was suppressed by the trial court. The in-court identification by Martin was allowed. Robbie Lawrence also positively identified appellant Barber at trial.

The appellants did not testify and offered no proof.

Under our evaluation of the evidence it is overwhelmingly sufficient to support the jury's verdict of guilt for any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); hence, the evidence issue is without merit and is overruled.

Next, appellants contend the trial court erred in failing to grant a continuance to enable them to review written results and observations of their psychiatric test. Appellants on their motion had been or-

dered to be mentally evaluated some months before trial. Approximately a week before trial a Middle Tennessee Health Institute official informed the court they were competent. By letter, the appellants requested the psychiatric records and a subsequent conversation with the psychologist ensued. On the morning of the trial, having failed to receive these records, the appellants unsuccessfully requested a continuance.

We have been shown no prejudice as a result of the denial of continuance. In its absence we find no abuse of discretion by the trial court. *Latham v. State*, 560 S.W.2d 410, 411 (Tenn.Crim.App.1977); *Maxwell v. State*, 501 S.W.2d 577, 580 (Tenn.Cr.App.1973). This issue is overruled.

■ Appellants aver that a mistrial should have been granted when it was developed that two prospective jurors had seen the appellants brought into the courthouse with their hands cuffed behind their backs. At a jury-out hearing, the sheriff of Coffee County acknowledged that the appellants were escapees from the Wisconsin penitentiary, and had prior to trial attempted an escape. He further related precautions were taken so that the appellants would avoid prospective jurors and that their handcuffs were removed prior to entering the courtroom. The prospective jurors stated that seeing the appellants in handcuffs before trial would not influence their decision. One was an alternate juror and did not participate in the deliberations.

We find no merit in appellants' contention that such action deprived appellants of a fair trial. It would be foolhardy under these circumstances for the sheriff not to have taken precautions in bringing the appellants to court. This issue has no merit.

Issue has been taken with the trial court's refusal to suppress the in-court identification of appellants by Mr. Lawrence's children, Martin and Robbie.[1] During the suppression hearing Martin Lawrence testified

that the lighting conditions in the kitchen were favorable and he was within three to five feet of appellant Barber. While laying on the floor he saw appellant Eichmann enter the house with a shotgun. Eichmann was about four feet away. Martin watched him go down the hall. During this time Martin would roll over on his back to observe the appellants. It was also manifested that around 2:00 a.m. after being notified that their automobile had been located and knowing an arrest had been made, Mr. Lawrence and Martin on their own initiative journeyed to the Coffee County Jail to inquire as to the vehicle's whereabouts. Martin Lawrence identified both appellants and related that independent of the encounter at the jail, he was positive in his identification. The trial court, while suppressing the elder Lawrence's identification, allowed Martin to identify the appellants as the armed robbers at trial.

■ Initially, appellants with reliance on *State v. Mitchell*, 593 S.W.2d 280 (Tenn. 1980), submit that in the absence of counsel the out-of-court identification made after arrest violated the Sixth Amendment. The State counters by asserting that the right to counsel does not attach upon an arrest without a warrant because adversarial proceedings have not begun. *State v. York*, 605 S.W.2d 837, 839, 840 (Tenn.Cr.App. 1980).

■ We resolve the issue in favor of the State. Further, appellants' urging that there was not sufficient independent basis for the in-court identification is equally infirm. Our review of Martin Lawrence's testimony has convinced us that the identification was reliable. *Manson v. Braithwaite*, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977).

■ Finally, in the absence of a pre-trial motion to suppress the in-court identification of appellant Barber by Ms. Robbie Lawrence this issue has been waived.

---

1. Robbie only identified appellant Barber. She was not present at the Coffee County Jail when the initial identification was made.

**294**

Tenn.R.Crim.P. 12(b)(3); *State v. Davidson*, 606 S.W.2d 293, 296 (Tenn.Cr.App.1980). Moreover, even if we reviewed this issue, in light of Ms. Lawrence's testimony that she observed appellant Barber with a pistol in his hand under good lighting conditions for approximately three to four minutes and that she was sure of her identification, we would be obligated to find it to be without merit. These issues are overruled.

▪ It is next insisted that the trial court erred in refusing to suppress certain evidence and identifications which were obtained as a result of a warrantless search of the defendants and the automobile they were driving. The search and seizure issue was not addressed pre-trial and is therefore waived. Tenn.R.Crim.P. 12(b)(3). Moreover, we are in accord with the trial court's finding that the defendants failed to show a possessory interest in the car to challenge the search. *Rakas v. Illinois*, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978). This issue is overruled.

▪ Issue has been taken with alleged prejudicial statements and actions made by the State's attorney during his opening statement and final argument.

From our review, we find no merit in appellants' contention that the argument style opening statement was prejudicial. Defense counsel's objections were promptly sustained by the trial court.[2] Moreover, in light of the defense argument:

"... these young men, Edward Eichmann and Robert Barber, if they went into that house, certainly did not, with any intent to commit any type of a murder, ..."

and:

"... I do say to you that these two young men went in there that night with absolutely no intent to commit any type of acts of murder.",

the State's closing argument:

"You know we can talk about identification, but Tom on his final closing said

they went in there, so there's no question on identification.",

was within the bounds of propriety. *State v. Sutton*, 562 S.W.2d 820, 823 (Tenn.1978). This issue is overruled.

▪ Next, appellants attack the trial court's failure to instruct the jury on intoxication, relative to the appellants' intent in committing the crime charged.

With the only evidence of intoxication being that the officers smelled the odor of alcohol on the appellants, there was no error in the court's refusal to charge this special request. This issue is overruled.

Appellants challenge their fifty-year sentence as being excessive and demonstrating prejudice, passion and caprice on the part of the jury.

▪ It is well established that a sentence within the statutory range, see T.C.A. § 39–3901, does not demonstrate passion or prejudice on the part of the jury. *Tillery v. State*, 565 S.W.2d 509, 511 (Tenn.Cr.App. 1978); *Buckingham v. State*, 540 S.W.2d 660, 666 (Tenn.Cr.App.1976). This issue is overruled.

▪ As their last issue, appellants attack the consecutive sentences imposed by the trial court. With the record reflecting convictions and incarcerations in the State of Wisconsin and escape therefrom by the appellants, no good cause has been shown why the court should have ordered a concurrent sentence. Tenn.R.Crim.P. 32(b). This issue is overruled.

The judgment of the trial court is affirmed.

O'BRIEN and DUNCAN, JJ., concur.

---

2. An objection was also sustained when the prosecutor waived the shotgun in front of the jury during closing argument.