IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs December 4, 2001

## STATE OF TENNESSEE v. MIKO T. BURL

**Direct Appeal from the Criminal Court for Shelby County**
**Nos. 99-01971-73     W. Otis Higgs, Judge**

---

**No. W2000-02074-CCA-R3-CD - Filed January 28, 2002**

---

The Appellant, Miko T. Burl, was convicted by a Shelby County jury of aggravated assault, aggravated burglary, and especially aggravated robbery. Burl received an effective twenty-five year sentence. On appeal, Burl raises the following issues: (1) whether the evidence was sufficient to support the verdicts; (2) whether the trial court erred in not suppressing the photographic identification; (3) whether the trial court erred in rejecting his special jury instruction relating to the suggestiveness of the photo identification procedure; and (4) whether his sentence was proper. After a review of the record, we find Burl's issues are without merit. We find, however, as plain error, that Burl's convictions for both aggravated assault and especially aggravated robbery violate double jeopardy principles. The conviction for aggravated assault is, therefore, vacated. The judgment of the trial court in all other respects is affirmed.

**Tenn. R. App. P. 3; Judgment of the Criminal Court is Reversed and Dismissed in Part; Affirmed in Part.**

DAVID G. HAYES, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and DAVID H. WELLES, J., joined.

Brett B. Stein, Memphis, Tennessee, for the Appellant, Miko T. Burl.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; J. Ross Dyer, Assistant Attorney General; William L. Gibbons, District Attorney General; and Charles Bell, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

## Factual Background

On September 22, 1998, Josephine Woodson, the eighty-six-year-old victim, and her daughter-in-law, Linda Fly, were at Ms. Woodson's home in Memphis. Ms. Woodson heard someone at the door. Thinking it was her son, she got up to let him in. When she got up, she was met by the Appellant, who was holding a gun in her face and demanding money. Ms. Woodson grabbed the gun, and began to "tussle all over the floor" with the Appellant. The Appellant threw Ms. Woodson against a heater, breaking her ribs. He fled the home after taking $230 from a pocket of Ms. Woodson's clothing. During the robbery, the Appellant dropped a pager. Based upon this fact, the Appellant was developed as a suspect. During the investigation, two photo lineups were shown to Ms. Woodson and Ms. Fly, and both positively identified the Appellant as the robber.

After a trial by jury, the Appellant was convicted of one count of aggravated assault, one count of aggravated burglary, and one count of especially aggravated robbery. The Appellant, a Range I standard offender, received sentences of four years for the aggravated assault conviction, four years for the aggravated burglary conviction, and twenty-five years for the especially aggravated robbery conviction. These sentences were ordered to be served concurrently. The Appellant filed a motion for new trial, which was later denied. This timely appeal followed.

## ANALYSIS

## I. Sufficiency of the Evidence

The Appellant first argues that the evidence produced at trial was insufficient to support his convictions for aggravated assault, aggravated burglary and especially aggravated robbery. Specifically, he argues that "a rational trier of fact could not have found him guilty beyond a reasonable doubt based upon the proof, [*i.e.*,] the issue at trial was a classic one of eye witness identification of the Defendant as compared to the Defendant's alibi." We disagree.

A jury conviction removes the presumption of innocence with which a defendant is cloaked and replaces it with one of guilt, so that on appeal, a convicted defendant has the burden of demonstrating that the evidence is insufficient. *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). In determining the sufficiency of the evidence, this court does not reweigh or reevaluate the evidence. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978). Likewise, it is not the duty of this court to revisit questions of witness credibility on appeal, that function being within the province of the trier of fact. *State v. Adkins*, 786 S.W.2d 642, 646 (Tenn. 1990); *State v. Burlison*, 868 S.W.2d 713, 719 (Tenn. Crim. App. 1993). Instead, the Appellant must establish that the evidence presented at trial was so deficient that no reasonable trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Tenn. R. App. P. 13(e); *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *State v. Cazes*, 875 S.W.2d 253, 259 (Tenn. 1994). Moreover, the State

is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. *State v. Harris*, 839 S.W.2d 54, 75 (Tenn. 1992).

## A. Aggravated Assault

The Appellant was charged in a two-count indictment, which alleged the aggravated assault of Josephine Woodson (1) by use of a deadly weapon, Tennessee Code Annotated § 39-13-102(a)(1)(B) (1997), or, alternatively, (2) by causing serious bodily injury, Tennessee Code Annotated § 39-13-102(a)(1)(A) (1997). The jury returned their verdict of guilty based upon their finding of use of a deadly weapon. As previously noted, the Appellant was also convicted of especially aggravated robbery which requires proof of use of a deadly weapon. *See* Tenn. Code Ann. § 39-13-403(a) (1997). At this juncture, and although not raised as an issue, we are constrained to examine the record to determine whether the facts support separate convictions for aggravated assault and especially aggravated robbery. An appellate court may consider issues not presented for review if they rise to the level of "plain error." Tenn. R. Crim. P. 52(b); *see also* Tenn. R. App. P. 13(b). Following our review, we find, as plain error, that the Appellant's convictions for aggravated assault and especially aggravated robbery violate principles of double jeopardy.

The issue of multiple punishments arising from a single criminal episode was addressed by our supreme court in *State v. Phillips*, 924 S.W.2d 662 (Tenn. 1996). To determine whether offenses are multiplicitous, several general principles must be considered:

> (1) A single offense may not be divided into separate parts; generally, a single wrongful act may not furnish the basis for more than one criminal prosecution;
>
> (2) If each offense charged requires proof of a fact not required in proving the other, the offenses are not multiplicitous; and
>
> (3) Where time and location separate and distinguish the commission of the offenses, the offenses cannot be said to have arisen out of a single wrongful act.

*Id*. at 665.

In this case, the physical acts of the Appellant which established the element of "use of a deadly weapon" permitting a conviction for especially aggravated robbery were the same physical acts which supported proof of the element of "use of a deadly weapon" for the Appellant's conviction of aggravated assault. Under principles of double jeopardy relating to multiple convictions, only one offense was committed and only one conviction may stand because the offenses arose out of "a single wrongful act." Accordingly, the Appellant's conviction for aggravated assault is vacated.

## B. Aggravated Burglary and Especially Aggravated Robbery

A person is guilty of aggravated burglary if that person, without the effective consent of the property owner, enters a habitation with intent to commit a theft. Tenn. Code Ann. §§ 39-14-402(a)(3), -403(a) (1997). Especially aggravated robbery is the intentional or knowing theft of property from the person of another by violence or putting the person in fear, accomplished with a deadly weapon, and the victim suffers serious bodily injury. Tenn. Code Ann. §§ 39-13-403(a) (1997). The Appellant's insufficiency argument for these offenses is based upon his alibi evidence produced at trial versus the identification evidence produced by the State. The State presented two eyewitnesses, Josephine Woodson and Linda Fly, who positively identified the Appellant. The State also established that the Appellant's pager was found at the home of the victim. The Appellant provided an alibi witness, Jacqueline Yancey, his mother, who testified that the Appellant was at home asleep on his couch during the time of the robbery. Additionally, Lawanda Davis, the Appellant's girlfriend, attempted to explain the circumstances surrounding the pager.

The determination of the weight and credibility of the testimony of witnesses and reconciliation of conflicts in that testimony are matters entrusted exclusively to the trier of fact, and not this court. *State v. Sheffield*, 676 S.W.2d 542, 547 (Tenn. 1984). Like any other fact at trial, an alibi defense presents an issue of fact determinable by the jury. *Cole v. State*, 215 S.W.2d 824, 825 (Tenn. 1948); *Smith v. State*, 566 S.W.2d 553, 556 (Tenn. Crim. App. 1978). Likewise, the credibility of eyewitness testimony identifying the accused as the perpetrator of the criminal offense for which he stands trial is a question of fact for the determination of the jury upon consideration of all competent proof. *State v. Strickland*, 885 S.W.2d 85, 87 (Tenn. Crim. App.1993). The credible testimony of one identification witness is sufficient to support a conviction if the witness viewed the accused under such circumstances as would permit a positive identification to be made. *Id.* at 87-88. The jury, as the arbiters of the credibility of the witnesses, chose to accredit the testimony of the State's witnesses and reject the claims of the Appellant. The Appellant has had his day in court. This court may not reevaluate the evidence or substitute its inferences for those drawn by the trier of fact from the evidence. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn.1978).

The positive identification testimony of the witnesses, Josephine Woodson and Linda Fly, sufficiently supports the Appellant's convictions; their testimony is not so improbable or unsatisfactory as to create a reasonable doubt of the Appellant's guilt. Accordingly, we find the evidence was sufficient to support the jury's finding that the Appellant entered the residence of the victim with the intent to commit a theft. Moreover, the proof established that the Appellant's robbery of the victim of $230 was accomplished by use of a deadly weapon and caused serious bodily injury. Accordingly, we find this issue without merit.

## II. Suppression of Photo Array

Second, the Appellant contends that "the trial court erred in denying [his] motion to suppress photographic spread identification and to prohibit 'in court' identification made by one of the [S]tate's witnesses on the ground that such identification was unduly suggestive." Specifically, he

argues that the photo identification procedure was unduly suggestive because the officer indicated to the viewer that a specific photograph was the one that was to be identified. In the Appellant's brief, he asserts that,

> there was no dispute that Ms. Fly was not positive about her identification until she told the officer that the assailant had a hat on and the officer used his hand to modify the picture that Ms. Fly picked out as possibly looking like the assailant. Only then was Ms. Fly positive about her identification. The proper method would have been to put forth pictures of possible suspects with hats on so as not to be suggestive.

At trial, the witness, Ms. Fly, testified that she did not have any problem identifying the Appellant when she viewed the photographic array. Upon identifying the Appellant from the photographs, Ms. Fly stated, "that's him, . . . but he had a hat on." The officer then covered the Appellant's forehead with his hand. Thereafter, Ms. Fly definitively identified the Appellant. The trial court denied the Appellant's motion to suppress, ruling that the officer's action was not unduly suggestive.

As pronounced by the United States Supreme Court, a violation of due process has occurred if the identification procedure is so suggestive as to give rise to a very substantial likelihood of irreparable misidentification. *Neil v. Biggers*, 409 U.S. 188, 198, 93 S. Ct. 375, 381-82 (1972). This standard has been adopted by our state's supreme court. *Bennett v. State*, 530 S.W.2d 511, 512-15 (Tenn.1975). The trial court must view the pre-trial identification procedure under the totality of the circumstances. *State v. Proctor*, 565 S.W.2d 909, 911, (Tenn. Crim. App.), *perm to appeal. denied*, (Tenn. 1978). Factors to be considered in determining whether a violation of due process has occurred are:

(1) the opportunity of the witness to view the criminal at the time of the crime;

(2) the witness' degree of attention at the time of the crime;

(3) the accuracy of the witness' prior description of the criminal;

(4) the level of certainty demonstrated at the confrontation; and

(5) the time elapsed between the crime and the confrontation.

*Biggers*, 409 U.S. at 199, 93 S. Ct. at 382; s*ee also State v. Philpott*, 882 S.W.2d 394, 400 (Tenn. 1994). Unless the evidence preponderates against the judgment, the trial court's findings of fact following a suppression hearing are conclusive on appeal. *State v. Davis*, 872 S.W.2d 950, 956 (Tenn. Crim. App.), *perm. to appeal denied*, (Tenn. 1993).

In the instant case, the record clearly supports the trial court's finding that the photo identification procedure was not unduly suggestive. Ms. Fly's identification was not aided by the officer. She identified the Appellant before the officer placed his hand over the Appellant's forehead. Therefore, viewing the totality of the circumstances, the trial court properly denied the motion to suppress. This issue is without merit.

### III. Special Jury Instruction

Third, the Appellant argues that the "trial judge erred in refusing to grant the defendant's special request for instruction." He contends that the trial court's jury instruction on identity pursuant to *State v. Dyle*,899 S.W.2d 607, 612 (Tenn. 1995), did "not adequately cover [his] theory as to the suggestiveness of the identification procedure, and therefore, was inadequate." The Appellant based upon *Sloan v. State*, 584 S.W.2d 461, 468-470 (Tenn. Crim. App. 1978), requested the following charge:

> The Court should, as an additional factor stated in T.P.I. - - - Crim. 42.05. Identity, state that if you, the Jurors, find that the procedures used in the identification of the Defendant by the photographic spread was "suggestive" to the extent that they give rise to very substantial likelihood of irreparable misidentification, then you must disregard the identification.

In *Dyle*, the Tennessee Supreme Court, to account for prejudicial influences on an eyewitness identification, promulgated a pattern jury instruction on identity, which instructed the jury to consider several factors before assessing the weight to be given to a witness' identification of a defendant. *Dyle*, 899 S.W.2d at 612 (factors to be considered include: witness' capacity and opportunity to observe the offender; the degree of certainty expressed by the witness regarding the identification; the occasions on which the witness failed to make an identification of the witness; the occasions on which the witness made an identification that was consistent with the identification at trial; *and whether the identification is the product of the witness' own recollection* (emphasis added)). The *Dyle* instruction sufficiently addressed the Appellant's issue of "suggestiveness" raised at trial. When a trial court's instructions correctly charge the applicable law, the court does not err by refusing special requests. *Tillery v. State*, 565 S.W.2d 509, 511 (Tenn. Crim. App.1978). This issue is without merit.

### IV. Sentencing

Finally, the Appellant asserts that "the trial judge erred in imposing a sentence of twenty-five years as to the conviction for especially aggravated robbery." Rule 27(a) of the Tennessee Rules of Appellate Procedure requires the brief of the Appellant to contain, under appropriate headings, the "issues presented for review; ...a statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record; and an argument . . . setting forth the contentions of the appellant with respect to the issues presented, and the reasons therefor." Tenn. R. App. P. 27(a)(4), (6), (7). Further, it is essential that the Appellant state with particularity the

grounds upon which he seeks relief. The Appellant does not provide this court with a legal argument setting forth his contentions with respect to the sentencing issue presented. In his brief, he simply adopts counsel's statements made at sentencing. We conclude that this issue has been waived because the Appellant's brief does not conform with Rule 27(a) of the Tennessee Rules of Appellate Procedure.

## CONCLUSION

Based upon the foregoing, we find that the evidence was sufficient to find the essential elements of aggravated burglary and especially aggravated robbery beyond a reasonable doubt. The trial court did not err in denying the Appellant's motion to suppress the photographic identification or the Appellant's request for a special jury instruction on identity. We further conclude that the sentencing issue raised by the Appellant is waived. Accordingly, the judgments of conviction for aggravated burglary and especially aggravated robbery are affirmed. We conclude, however, that the Appellant's conviction for aggravated assault violates principles of double jeopardy. Accordingly, the conviction for aggravated assault is reversed and dismissed.

_____
DAVID G. HAYES, JUDGE